THOMAS MORAN, Administrator, *v.* SIMON P. LEBLANC.

Where the defendant, being sued upon a promissory note, alleged that he had received notice from a third party that half the note belonged to him, and prayed that said third party be cited to appear in the suit, the said third party cannot be prevented from appearing and filing an intervention, upon the ground that it came too late and would delay the progress of the cause.

Where a party claims, in a petition of intervention filed in a suit on a promissory note, to have an interest of one-half in the note, his right to recover the same cannot be defeated by the exception that he ought to have sued for a settlement of the partnership, when it does not appear there were any other partnership transactions to be settled.

APPEAL from the District Court of Lafourche, *Randall.* J. *J. L. Cole,* for plaintiff. *J. C.* and *A. Beatty,* for defendant. The judgment of the court (*Slidell,* J. dissenting,) was pronounced by

PRESTON, J. The plaintiff brought this suit upon a promissory note for $1109 50 with interest, dated the 4th of May, 1849, and payable the 1st of March, 1850. The defendant filed an answer, alleging that he had been notified by *James S. Kennedy* that half the note belonged to him; and prayed that *Kennedy* might be cited, and that these claimants might be required to litigate

between themselves as to their respective interest in the note, and that he might not be compelled to pay the same before the matter between them was decided. *Kennedy* immediately intervened and claimed half the note.

It is urged by the plaintiff, that the intervention should be dismissed, under article 391 of the Code of Practice, because filed too late, and when he was about to try the suit, which it delayed.

The district court thought otherwise, and under the circumstances decided correctly. The note was given for work done for the defendant by the plaintiff and intervenor in partership. The fears of the defendant, that he might be compelled to pay a second time, after the notification from the intervenor, were reasonable; and the court, on his application, would probably have directed *Kennedy* to be cited if he had not intervened, or allowed defendant to prove that he owed half the note to him; so that the intervention did not necessarily cause any delay. Besides, for the settlement of the estate of *Ford*, it was indispensable that the controversy between his administrator and *Kennedy* should be decided; and the intervention of the latter afforded an opportunity of having it settled, so as to enable the administrator to file an early and final tableau of distribution.

The testimony to establish that half the note belonged to the intervenor, is of the kind with which courts have so often expressed their dissatisfaction—the proof of the declarations of a deceased man in the presence of none but the witnesses. But it is accompanied by the unquestionable fact, that the intervenor assisted in doing the work of the defendant for which the note was given to *Ford*, and renders it probable that he was in partnership with the plaintiff in executing the same.

If they were partners, it is said the suit should be for a settlement of the partnership, and not for half the note. But it does not appear by the pleadings, that there were any partnership transactions to be settled, except the division of the note in controversy.

The evidence in support of the charge of fraud against the intervenor, was not satisfactory to the district court; and it cannot reasonably be expected that we should give more weight to it than the district judge did.

But, in the answer to the intervention, the plaintiff claimed a sum of $300 from the intervenor. Two hundred dollars was proved by a promissory note for cash lent: the remaining hundred for accounts which it is proved *Kennedy* owed, and *Ford* paid for him, probably because he held the note in which *Kennedy* was interested. The claim is, moreover, proved by *Kennedy's* acknowledgment, and, we think, should have been allowed in compensation of his demand, and all the controversies of the parties settled.

It is therefore decreed, that the judgment of the district court be reversed, and that the plaintiff recover from the defendant the sum of $840 80, with interest from the judicial demand; that the intervenor, *James S. Kennedy*, recover from the defendant $254 75, with interest from the filing of his intervention; that the costs of the original suit be paid by the defendant. The costs of the intervention to be paid by the administrator of *Richard Ford ;* and the costs of this appeal by the intervenor, *James S Kennedy.*