JAMES TELLER, Plaintiff in Error, *vs.* CHARLES BISHOP and Wife, Defendants in Error.

**ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.**

Upon a writ of error from a judgment rendered upon the report of a referee, where no exceptions are taken upon the trial, or to the finding, and the evidence is not reported, the only question which this Court can consider is, whether the facts found sustain the conclusions of law.

The Defendant, Bishop, transferred to his wife certain promissory notes owned by him, in consideration of $500 in money received from her, of her own separate and individual property, and soon afterwards applied for a discharge from his debts under the insolvent act. *Held,* that such transfer was not conclusive evidence of a fraudulent intent on the part of the husband, even though he was insolvent at the time; and the Referee having found that the transfer was made in good faith, and not with the intent to cover up the property of the Defendant, or to defraud his creditors, the judgment of the Referee in favor of the Defendants will not be disturbed.

## Points and Authorities of Plaintiff in Error.

The Plaintiff in Error makes the following points and grounds for the reversal of the judgment rendered in favor of Defendants:

I.—The facts found by the Referee show that said purchase and conveyance of the real estate described, was fraudulent as against the creditors of said Bishop, and that the conclusions of law in said Report contained to the contrary are erroneous and not warranted.

II.—The record shows the Plaintiff's indebtedness was created August 11th, 1857; that a judgment, as admitted by the pleadings, was rendered against Charles Bishop, on part thereof,(the Referee finding such rendering February 1st,1860) which, together with the proceedings in Insolvency, show, that said Bishop was insolvent at the time of the transfer of said notes, and that the said transfer was made in order to avoid the assignment of said notes in said Insolvency proceeding.

III.—The transfer by the husband to the wife was a nullity and could not divest him of the property in said notes, pos-

session of which he held.   1 *Blacks. Com.*, 442–3; *Coke Litt.*, 112 *a;* *Coke Litt.*, 187 *b.*

IV.—The said lands were purchased and paid for out of said notes, and the butcher shop of Bishop, in which Mrs. Bishop had no interest whatever.

V.—The purchase of the real estate, under the circumstances found, was a fraud in law, and the finding of no fraudulent intent is nugatory, and a conclusion unwarranted by the facts found.

VI.—The transfer of the notes, if such transfer could be made as between the parties, was an undue preference by the insolvent, and of itself a fraud upon creditors.

SMITH & GILMAN, Counsel for Plaintiff in Error.

VAN ETTEN & OFFICER, Counsel for Defendant in Error.

*By the Court.*—ATWATER, J.—It appears from the complaint that the Plaintiff, Teller, is a resident of the State of Iowa; and that on the 1st of February, 1860, he recovered a judgment in the District Court in and for the Second Judicial District of this State, against the Defendant, Charles Bishop, for the sum of $614.14, founded upon an indebtedness contracted by the said Defendant, August 21, 1857. An execution was issued upon the judgment previous to the commencement of this action, which was returned wholly unsatisfied. It is also alleged that the Defendant is indebted to the Plaintiff in the further sum of over $7,500, upon an indebtedness contracted at the same time and on the same account (live stock sold and delivered to Defendant,) as the indebtedness upon which the judgment was obtained.

The complaint then goes on to charge that the Defendant, Charles Bishop, out of the proceeds of Plaintiff's property, purchased of one Sargeant certain real estate in Dakota county, and with intent to cheat and defraud the Plaintiff, and to place the same beyond the reach of his creditors, the Defendant, Charles Bishop, caused the conveyance of the property to be made to his wife, Anna Bishop, but that the entire consideration for the same was paid by the Defendant

Charles, and of his own money. It is charged that said Defendant was insolvent at the time of said conveyance from Sargeant to his wife. It is not stated when this conveyance was made, but it would appear to have been since the rendition of the judgment above mentioned. The complaint seeks to make the judgment a lien or charge upon the property in the hands of the Defendant, Anna Bishop.

The answer admits the judgment and indebtedness set up in the complaint, but alleges that Defendant has been discharged from all liability upon the same, by virtue of an order of the Judge of the District Court of Ramsey county, made upon proceedings had in that Court under the Insolvent Act. It admits the conveyance of the property in question to Anna Bishop, denies all fraud, and alleges that the purchase price for the land was paid by the said Anna, with her own money, and that the same is her own separate and individual property, and that she now owns and holds the same as such, and not otherwise. There was a reply putting in issue the discharge of Defendant under the Insolvent Act.

The cause was referred to W. Wilkin, Esq., who reported in favor of Defendants, and judgment was entered upon the report for costs of suit. What further proceedings were had by the Plaintiff does not appear, nor is there anything in the paper book points furnished by Plaintiff's counsel, or even the endorsement of the same to indicate whether the cause came into this Court by writ of error or appeal. We must express our strong disapprobation of making up a paper book so defectively in facts which it is important should be presented to this Court, and for want of which, especially in a submitted case like this, we are put to great inconvenience and annoyance. After considerable inquiry, we learn that the case comes before this Court by writ of error.

The Referee has found, among other facts, that the Defendant, Anna Bishop, in October, 1859, had in her possession, as her own separate property, the sum of five hundred dollars in money, being money saved by her from gifts of her father and husband; that at the time said moneys were given her by her husband, he was solvent and able to pay all his debts; that during the month of October, 1859, the Defendant, Charles

Bishop, was the owner of certain promissory notes, which were transferred to his wife as part consideration for the said sum of $500, which he received from her, and a portion of which was used by him in carrying on his business as a butcher, that in making said transfer, the notes were not valued at the full amount of $500.

That afterward the said Charles Bishop, acting as the agent of the said Anna, his wife, purchased of one Sargeant the real estate in controversy, and paid therefor as the consideration, the notes received by Anna Bishop from her husband, together with the one half of the butcher shop carried on by the said Charles Bishop, and of the meat therein.   That said conveyance was not made nor received by the said Anna Bishop, with the intent upon the part of said Defendants, or either of them, to cover up any property of said Charles Bishop, or to defraud the Plaintiff or any creditor of said Charles Bishop, but was so made and received by the said Anna Bishop, in consideration of the said notes, so belonging to her as aforesaid, and of the balance of said sum of $500, so furnished by her to said Charles Bishop, over and above the estimated value of said notes.   And that the said Anna did not, and does not, hold said lands, or any part thereof, or any interest therein, upon any trust for the benefit of the said Charles Bishop.   The Referee found that the Defendants were entitled to judgment for costs.

Upon the trial of the cause, the Defendants moved to strike out all the part of the Plaintiff's reply, which alleges a fraudulent concealment of property upon the proceedings in insolvency referred to in the pleadings, which motion was granted by the Referee, and exception taken by the Plaintiff.   This is the only exception on the trial of the action which the record discloses ; and it becomes unnecessary to examine as to the correctness of the Referee's ruling upon this point, since he has found the issue as to the discharge of Defendant upon the insolvent proceedings in favor of the Plaintiff, holding that the claims of Plaintiff are still valid and subsisting against Defendant, Charles Bishop.   And as the evidence is not brought up, nor any question made upon the same, the only

matter before this Court to determine is, whether the facts found by the Referee justify his conclusions of law.

It is claimed by the Plaintiff in Error that the transfer of the notes by Bishop to his wife was a nullity, and vested no title in her. That the wife might have purchased these notes or any other property with her own money, of any other party than her husband, will scarcely be questioned; but whether, even under the changes made by our statute in the common law, in the relations of husband and wife as to holding and dealing in property, the wife can make such purchase of the husband, may be seriously questioned. But in view of the facts disclosed by this case, it is unnecessary to decide this question, inasmuch as, if the Defendant, Anna Bishop, did not obtain the legal title to the notes, she was equitably entitled to the same, and the proceeds thereof. This is an action on the equity side of the Court, and it having been found by the Referee, that the money of Anna Bishop has been invested in this land, in good faith, and without any intention to defraud, it would be highly inequitable for this Court to decree that the property should be held to satisfy the debts of the husband. If the transfer of the notes to Anna Bishop be held to vest no title in her, and that in consequence thereof, the title to the real estate failed in her, the least that equity could require would be the restoration of the money to her that formed the consideration of the notes. But this relief the Plaintiff does not seek.

It is claimed by Plaintiff in Error that the indebtedness of Defendant, Charles Bishop, was contracted in August, 1857, and that judgment was rendered on a part thereof, February 1, 1860, which, together with the proceedings in insolvency show the said Bishop was insolvent at the time of the alleged transfer of the notes, and that the transfer was made in order to avoid the assignment of said notes in the insolvency proceedings.

There is nothing in the record presented to this Court to show at what time Bishop became insolvent, further than what is disclosed in the answer which states that his petition for a discharge from his debts was presented in March, 1860. It is admitted by the answer that the purchase of stock by

Defendant from Plaintiff was made in August, 1857, but it nowhere appears at what time the purchase money became due, except that judgment for a part of the same was obtained in February, 1860. But if these debts to the Plaintiff were due and unpaid in 1859, that fact alone would not prove that the Defendant was at that time insolvent. But even admitting that the Defendant, Charles Bishop, was insolvent at the time of the transfer of these notes to his wife, I cannot see how that fact can aid the Plaintiff in view of the facts found by the Referee. The insolvency of the Defendant at the time of the transfer, taken in consideration with his application for a discharge from his debts, might be a circumstance of more or less weight for the consideration of a jury, touching the fraudulency of the transfer. But it certainly would not be conclusive evidence of a fraudulent intent, and the Jury or Referee would be the proper judges of the question of fraud from all the evidence. For aught that appears the Defendant received a full consideration for the transfer of the notes (although their value, and the price at which they were received, is not stated,) and it does not appear that the creditors of the Defendant have lost anything in consequence of Bishop's parting with these notes.

It appears from the report of the Referee, that one half the butcher shop, and the meat therein, owned or occupied by Charles Bishop, formed a part of the consideration for these lands, and it is not stated in terms that the same formed a part of the consideration for the $500 furnished by Anna Bishop to her husband. It would seem that such was the case, however, from the facts stated in the report, since the Referee finds that the notes furnished but a part of the consideration for the $500, and that they were not valued at that sum ; and further, that the said real estate was conveyed to Mrs. Bishop, " in consideration of the said notes so belonging to her, as aforesaid, and of the balance of said sum of $500 so furnished by her to said Charles Bishop, over and above the estimated value of said notes." As the notes and butcher shop, with the meat, formed the whole consideration for the real estate, it is quite evident that the half the butcher shop and meat must be the " balance " of the consideration re-

ceived by Mrs. Bishop, for the $500 furnished her husband. If such was the understanding between the parties, in equity and good conscience, the arrangement should be carried out, even though it does not appear there was any formal or legal delivery over to Mrs. Bishop of the half of the shop and meat; and at all events, in the absence of any finding of the Referee as to the value of the last named personal property, this Court would not be justified in disturbing the judgment upon the bare possibility or conjecture that a part of the consideration for the land was furnished by the Defendant, Charles Bishop. To entitle the Plaintiff in Error to a reversal, the error in the judgment must appear affirmatively of record, and cannot be found by inference or intendment.

The principal allegations in the complaint constituting the Plaintiff's cause of action, have been found untrue by the Referee, and upon the facts, as found by him, we are satisfied that the Plaintiff is not entitled to the relief demanded in the complaint. The judgment below must be affirmed.