## David Cooper

*v.*

## John C. Breckenridge.

An objection that certain facts should be proved by the production of a written instrument, and not by parol, is ordinarily cured by the subsequent introduction of the instrument by the objecting party.

Upon a proper statement of case, this court will look behind the findings of fact in the report of a referee, to see whether they are sustained by the evidence, although no motion for a new trial has been made below.

Upon such examination, it appearing in this case that there was no evidence reasonably tending to establish a fact material to recovery—a judgment for the plaintiff below was reversed.

The plaintiff brought this action in the District Court for Ramsey County, against the defendant, as one of several persons associated and transacting business under the common name of "The Proprietors of Superior," upon a joint liability of such association, under Sec. 38, p. 536, Comp. Stat., which provides as follows : " When two or more persons associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name; the process in such case being served on one or more of the associates, and the judgment in the action shall bind the joint property of all the associates, in the same manner as if all had been named defendants, and had been sued upon their joint liability. Any one of the joint associates may also be sued for the obligations of all."

This action is founded on a claim for professional services, as an attorney at law, rendered for such an association, and the

defendant is sued alone under the statute, for the joint liability of all. The cause was tried before a referee, who ordered judgment for the plaintiff. Judgment was entered, and a case made and settled. The defendant appeals from the judgment to this court. The plaintiff claimed to have been retained for said association, through Wm. H. Newton, its agent. On the trial, parol testimony was offered on the part of plaintiff, and received under objection, to prove certain facts evidenced by a written instrument, embodying among other things, the power of attorney, under which Newton acted; this written instrument was afterwards put in evidence by defendant. The opinion of the court fully states all the other material matters in the case.

GEORGE L. OTIS, for appellant.

SMITH and GILMAN, for respondent.

*By the Court*—BERRY, J.—This action was brought by the respondent against the appellant, under the provisions of Sec. 38, page 536, Pub. Stat., which reads as follows: "When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the process in such case being served on one or more of the associates, and the judgment in the action shall bind the joint property of all the associates, in the same manner as if all had been named defendants, and had been sued upon their joint liability. Any one of the joint associates may also be sued for the obligations of all." Under the latter provision, the appellant was sued alone. The appellant claims that errors were committed on the trial before the referee, in the admission of improper evidence, against objection. So far as these objections rested upon the fact that the written instrument, in which, among other things, the power of attor-

ney to Newton was embodied, was not produced by the plaintiff below as a part of his case, and that certain facts which should have been proved by its production, were attempted to be proved by parol, we take it that these objections were overcome by the subsequent introduction of the instrument by the appellant himself. The reception of the parol testi‑mony, whether objectionable or not, did not under the circumstances affect "substantial rights," and therefore the exception taken on account of its reception must be disregarded. Pub. Stat. p. 564, Sec. 55. Most of the other objections were directed against the introduction of parol testimony, to prove that the appellant was interested in, and associated in a certain town site business, with other persons, and so chargeable in this action with the indebtedness of the association. This testimony consisted in admissions by the appellant, of his interest in the business and property of the supposed association. So far as the appellant was concerned, there is no reason why this testimony was not competent. The rule referred to by the counsel for the appellant, as to the necessity of proving *aliunde* a joint interest before the admission of one of the parties claimed to be jointly interested is competent, has reference to competency, not as against the admittant, but as against the other parties jointly concerned with him. 1 G. Ev. Secs. 194, 177.

As to the other branch of the objection, to-wit, that *parol* evidence of the appellant's interest in this town site enterprise (an enterprise relating to real property) was incompetent, it is to be borne in mind that the object of the testimony was not to make out a claim of title to property of that nature, but to show that Breckenridge, the appellant, was *associated* with sundry other persons in this particular business, for the purpose of holding him responsible under the statute for the indebtedness of the association. For this purpose, we can conceive of no reason why the testimony objected to was not rightly received. 1 Green. Ev. Sec. 97, 203. Another

objection was made on behalf of the appellant, to the introduction of a letter-heading as evidence that the alleged association had transacted its business under a common name. The respondent had testified as follows: "From the time I went to Washington in 1854, among themselves and others, they have gone by the name of the Proprietors of Superior. Mr. Newton so designated them in his books. The letter-headings were so designated." A letter-heading was thereupon offered in evidence, of which the following is a copy, viz :

. "Office Wm. H. Newton, agent and attorney for Proprietors of Superior, Superior, Douglas County, Wis., Feb. 25, '56. Hon. D. Cooper, St. Paul, Minn."

This evidence was objected to as incompetent, irrelevant and immaterial, but the objection was overruled and exception taken. We think the objection should have been sustained. The question at issue was, did this *association* (assuming that there was one) *transact its business* under the common name of Proprietors of Superior? If it did, the consequence was, that each member of it was not only jointly, but severally, liable for the obligations of the association. This consequence was of a serious nature ; and, unless the agent of the association was authorized by his principals to so conduct their business, and under such designation as to fasten this individual liability upon each member of the association, the bare fact that he was agent, would not authorize him to adopt a common name, with the resulting consequences. No such authority was made to appear. Or, in other words, whatever the agent may have done in making use of this common name, the association cannot, on that account, be said to have transacted business under a common name, unless the agent was authorized to make use of it. It is also to be observed that there is nothing to show that this letter-heading was used in any business transaction. But as the report of the referee might be sustained, even if improper evidence were admitted, if, on

rejecting that, enough remains to support it (*Kenny v. Richards*, 11 Barb. S. C. 315; Pub. Stat. p. 564, Sec. 55) it becomes necessary to consider the claim made by the counsel for the appellant, that, upon the whole case, judgment should have been rendered for the appellant, and not for the respondent. It is urged, however, by the counsel for the respondent, that as no motion for a new trial was made below, the testimony upon which the facts were found is not subject to review in this Court, save so far as it was excepted to in the trial before the referee.    The case cited by counsel in support of this position—*Bourst v. Spelman*, 4 Coms. 284, together with *Hunt v. Bloomer*, 3 Kernan, 342; *Johnson v. Whitlock*, Ib. 344; *Morris v. Hasson*, 4 Sel. 203; *Hoyt v. Thompson*, Exrs. 19 N. Y. 211; *Cady v. Allen*, 18 Ib. 573; *Davis v. Spencer*, 24 N. Y. 390; *Young v. Davis*, 30 Ib. 135, 231, 383; 2 Y. & S. N. Y. Pr. 112, show that the Court of Appeals in New York (except in appeals from Surrogates) reviews questions of law only.    This Court differs in its constitution, in many respects, from the Court of Appeals, and, like the Supreme Court of New York, to some extent, reviews questions of fact on appeal from common law courts.    See *Karns v. Kunkle*, 2 Minn. 316; 3 Ib. 144.    By section 54, page 564, Pub. Stat., the report of a referee " stands as the decision of the court, and is to be reviewed in like manner."    The plain meaning of this language is, that the report of a referee is equivalent to an actual determination by the court, and when read in connection with sections 62, 63 and 66, page 565 Pub. Stat., and sections 2 and 8, page 621 Ib., that such report is subject to be reviewed by this court by a direct appeal from the judgment rendered thereon, without the necessity of making an application to the court out of which the reference issued for its revision or correction, through the medium of a new trial, or otherwise.    This Court may look into the evidence (if brought before it in a proper statement of case) for the purpose of determining whether or not it sustains the findings of fact,

and it may do this without any previous application for a new trial to the court below. This question does not, so far as we discover, appear to have received any direct adjudication at the hands of the Supreme Court of this State, but the intimations found in *Teller v. Bishop*, 8 Minn. 229–30, and in *Ames v. The Mississippi Boom Co.*, Ib. 469, would seem to favor the views above expressed.

We come then to inquire whether the referee is sustained by the evidence in his findings of fact, and as the right to bring this suit against the appellant above, and hold him severally liable for the joint liability of all the members of the alleged association, depends entirely upon the somewhat peculiar statute heretofore quoted, it is absolutely necessary that in addition to proof of an existing indebtedness, there should also be proof that two or more persons of whom the appellant was one, were *associated* in business, and that they *transacted that business* under a common name. The evidence that there was any association of which the appellant was a member, is somewhat meager, though perhaps it might sustain the finding of the referee on that point ; but on a careful perusal of the whole testimony, we fail to find any evidence having a reasonable tendency to show that this association transacted business under a common name. The respondent himself testifies as follows : "From the time I went to Washington in 1854, among themselves and others, they have gone by the name of the Proprietors of Superior. Mr. Newton so designated them in his books. The letter-headings were so designated." The letter-heading before referred to and copied, was also produced in evidence. The testimony of Benj. Thompson contains the following isolated paragraph : "The name was the Proprietors of Superior." This is all the testimony on this point introduced by the plaintiff below. And so far as the testimony of the witnesses brought on by the appellant is concerned, it is sufficient to say, that it negatives in positive terms the idea that the alleged associa-

tion transacted any business under a common name. We think there is a total failure to establish the *factum probandum* that the association *transacted business* under any such name. The case is not, then, one where there is conflicting evidence, the determination of the referee upon which would ordinarily remain undisturbed, but one in which there is virtually no evidence of a fact material and indispensable to a recovery by the respondent.

We ought, perhaps, to add that as to the admission of indebtedness contained in the letter from Breckenridge, as testified to by the respondent, it obviously falls far short of admitting the existence of an association doing business under a common name, for the indebtedness of which the writer was individually and severally responsible. If it admits anything, it admits a simple joint indebtedness, not such a state of facts as would support an action under the statute on which this is founded.

The judgment is reversed, and the cause remanded.