JOHN W. McCLUNG *vs.* AUGUSTUS R. CAPEHART.

July 31, 1877.

Action for Accounting between Partners—Wʰⁿ Barred by Statute.—An action for accounting between partners is barred in six years from the time the cause of action accrues.

Same—When Cause of Action Accrues—Demand.—When, after a dissolution, the partners continue closing up the business, receiving and paying out money, the cause of action is deemed to have accrued at the date of the last item received or paid out. No demand is necessary before suit brought.

This was an action for an accounting between partners, instituted in October, 1871. The defendant pleaded, *inter alia*, "that no moneys in any manner connected with or relating to the copartnership have been collected by him within six years before the commencement of this action, and not since the month of October, 1863. The defendant hereby

pleads the statute of limitations in bar of all actions, causes of action, claims and demands whatever, legal or equitable, connected with, growing out of, or in any manner pertaining to, said copartnership, or sought in that action, wherefore defendant prays that this action be dismissed at plaintiff's costs."

The action was tried in the district court for Ramsey county, *Simons, J.*, presiding, without a jury. Judgment was entered for the plaintiff, and from this judgment the defendant appealed.

*A. R. Capehart*, for appellant.

*E. C. Palmer*, for respondent.

Upon the dissolution of the copartnership the defendant, by the terms of the separation, became a trustee and agent to close up the unfinished business, which was put in his exclusive control, to account for the proceeds thereof, and pay over to the plaintiff, on demand, whatever his share should prove to be on final settlement.

Until such settlement was had, or a demand and refusal to account were made, the statute of limitations would not begin to run. *Simons* v. *Smith*, 11 Ga. 195; *Hutchins* v. *Gilman*, 9 N. H. 359; *Union Bank* v. *Planters' Bank*, 9 Gill. & John. 439; *Buchanan* v. *Parker*, 5 Iredell, 599; *Western* v. *Ames*, 10 Met. 244; *Hammond* v. *Hammond*, 20 Ga. 556; *Babcock* v. *Wyman*, 19 How. 289; Perry on Trusts, §§ 663, 863. The defendant's plea of the statute of limitations was also bad. *Schroeder* v. *Johns*, 27 Cal. 274.

GILFILLAN, C. J. As the facts are found by the court below, the parties were copartners in business as attorneys and counselors at law, for a period ending March, 1860, when the partnership was by mutual consent dissolved. After the dissolution, the defendant collected and received various sums of money belonging to the firm, the last of which was received by him in October, 1863. There never was any accounting or settlement between the partners. The plaintiff demanded

such accounting and settlement in 1868, and defendant refused.

This suit was brought in October, 1871, for an accounting and settlement, and for the recovery of such amount as might be found due the plaintiff. The defendant pleaded, as one defence, the statute of limitations, awkwardly, it is true, but sufficiently to show that he relied on it as a defence, and this plea raises the only question necessary to consider.

The statute of limitations (Gen. St. *c.* 66, title 2) applies to all civil actions, whether of a legal or equitable nature, falling within any of the classes mentioned in it. An action for an accounting between partners comes under the first subdivision of section 6 of the chapter specifying those actions which are barred within six years—"an action upon a contract or other obligation, express or implied." The fact that a contract creates a relation in the nature of a trust, or that the action to enforce the obligations growing out of such contract is of an equitable nature, does not remove the cause of action from the operation of the statute. It is doubtful if there be any cause of action against the trustee in an express trust (though we do not undertake to decide the question) which does not come within this clause, except where relief is sought on the ground of fraud.

Those decisions which hold that the statute does not apply to such actions, were upon statutes which did not in terms include suits of purely equitable cognizance. Ours, however, includes all "civil actions," of the classes described, whether of a legal or equitable nature. *Ozmun* v. *Reynolds*, 11 Minn. 341 (459.)

The action between partners for an accounting and settlement of their affairs is within the clause quoted, and is barred in six years from the time the cause of action accrued. Such an action may be brought as soon as the partnership is dissolved, although there may be firm assets undisposed of, and debts due to and from the partnership. Where, after the dissolution, the partners continue closing the business, receiv-

ing and disbursing moneys, a cause of action for an accounting of all their transactions accrues at the date of the last item in such transactions, and the statute then begins to run. No demand is necessary before bringing the action.

Judgment reversed.