DALE ET AL. *v.* THOMAS ET AL.

PRACTICE.—*Demurrer.*—"*Legal Capacity to Sue.*"—A demurrer to a complaint for alleged want of "legal capacity" in the plaintiff to sue presents questions only as to some legal disability ; as infancy, idiocy or coverture.

SAME.—*Uncertainty.*—Uncertainty in a pleading stating a good cause of action or defence is reached, not by demurrer, but by a motion to make certain.

PARTNERSHIP.—*Complaint by Partner against Copartners, after Dissolution of Copartnership.*—A complaint by a member of a copartnership, against the other members, to recover from the defendants their proportion of a debt due to the plaintiff from the copartnership, for goods sold and delivered to the latter by the former, alleged that the affairs of the copartnership "had all been closed up," all of its debts except the one in suit paid, and its assets exhausted.

*Held*, on demurrer, that the complaint is sufficient.

From the Fayette Circuit Court.

*W. Morrow, N. Trusler* and *W. C. Forrey,* for appellants.
*J. C. McIntosh* and *C. Roehl,* for appellees.

HOWK, C. J.—In this action, the appellants, as plaintiffs, sued the appellees, as defendants, in a complaint of two paragraphs, to each of which paragraphs the appellees demurred separately, upon two grounds of objection, to wit:

1. That the appellants had not legal capacity to bring and maintain this suit; and,

2. That the paragraph did not state facts sufficient to constitute a cause of action.

These demurrers were sustained by the court, and to these decisions the appellants excepted, and, failing to amend further, judgment was rendered against them, for the costs of suit, from which judgment this appeal is prosecuted.

In this court the appellants have assigned, as errors, the following decisions of the court below :

1. In sustaining the demurrer to the first paragraph of their complaint; and,

2. In sustaining the demurrer to the second paragraph of their complaint.

From these alleged errors, it will be readily seen that the only questions presented for our decision, in this case, relate to the sufficiency of the facts stated in each paragraph of the complaint to constitute a cause of action, and the legal capacity of the appellants to bring and maintain this suit. We will consider and decide these questions, in relation to the two paragraphs of the complaint, separately and in their enumerated order.

1. In the first paragraph of their complaint, the appellants, partners under the firm name of "Dale, Rhodes & Co.," alleged, in substance, that, on the 22d day of February, 1868, the appellants and the appellees were in partnership, and doing business under the name and style of "The Cabinet-Makers' Union of Connersville, Indiana;"

that, at the same time, the appellants, under their firm name of Dale, Rhodes & Co., were doing a business separate and independent of and from the business of the said Cabinet-Makers' Union; that the said firm of the Cabinet-Makers' Union, etc., had become and were indebted to the appellants, Dale, Rhodes & Co., in the sum of six hundred and eighty-six dollars, for goods, wares and merchandise, sold and delivered by the appellants to said Cabinet-Makers' Union, a bill of particulars of which was filed with and made part of said paragraph of complaint, which said sum and the interest thereon were then due and unpaid; that the affairs of the Cabinet-Makers' Union had all been closed up, and the debts thereof had all been paid, except those debts due to and among the individual members of said firm, stated in said paragraph; that the appellants, as the firm of Dale, Rhodes & Co., were liable as a member of the firm of the Cabinet-Makers' Union of Connersville, Indiana, for the one-seventh part of said indebtedness, and the appellees were liable to the appellants for the balance thereof, to wit, the sum of five hundred and two dollars and ninety cents, with the interest thereon; for which latter sum and interest the appellants demanded judgment, and for an accounting of the affairs of said partnership, and that the aforesaid indebtedness to them be paid by the members of the said firm of the Cabinet-Makers' Union, according to their several interests therein, and for other proper relief.

The first ground of objection to this paragraph of complaint, as stated in the appellees' demurrer thereto, as we have seen, was, that the appellants had not the legal capacity to sue. The appellees' counsel have not discussed this cause of demurrer to the complaint, in their brief of this cause, in this court; and we are at a loss to understand upon what grounds it could be claimed the appellants had not the " legal capacity " to sue, in this action.

A demurrer to a complaint for the second statutory · cause, " that the plaintiff has not legal capacity to sue," has reference only to some legal disability of the plaintiff, such as infancy, idiocy or coverture, and not to the fact, if such be the fact, that the complaint, upon its face, fails to show a right of action in the plaintiff. *Debolt* v. *Carter*, 31 Ind. 355.

In the case now before us, it did not appear upon the face of the complaint, or of either paragraph thereof, that the appellants, or either of them, were under any legal disability, of any kind; and therefore it would seem to be certain, that the appellees' first ground of demurrer was not well assigned.

The second cause of demurrer, assigned by the appellees, presents a more difficult question for decision. It calls in question the sufficiency of the facts stated by the appellants in the first paragraph of their complaint, to constitute a cause of action. We have given a full statement of the facts alleged in this paragraph ; and it must be conceded, we think, that its allegations of facts are exceedingly vague, imperfect and uncertain. But objections to the paragraph on these grounds could only have been taken properly, as it seems to us, by motions to make its allegations more certain and specific, and not by a demurrer for the want of facts.

It is said by appellees' counsel, in argument, that the paragraph of complaint is "defective, in that no allegations whatever are made to show how, when or upon what basis, the firm of the "Cabinet-Makers' Union" was organized, no allegations as to what each partner's interest is ; that there are no averments as to what the assets of said firm are, who holds them, or that there are none ; and no allegations that any member of the firm has received or appropriated to his own use, of the assets of the firm, either more or less than, or an amount equal to, that received or appropriated by any other member of the firm.

If it appeared from this paragraph of complaint, that the appellants were suing therein to recover any portion, share or interest in the assets of the firm of the Cabinet-Makers' Union, it could not be doubted, we think, that the paragraph would have been fatally defective for the want of such allegations as those suggested by appellees' counsel, on the demurrer thereto for the want of facts. But we do not understand that the appellants have sued, in this paragraph, to recover any part of the assets of the Cabinet-Makers' Union. On the contrary, it seems to us that a fair construction of the language of the paragraph shows that the appellants alleged, and intended to allege therein, that all the assets of the Cabinet-Makers' Union had been exhausted in the payment of the debts of said firm to third persons or strangers, and that no part of such assets remained for the payment of the debts of said firm to the individual members of the firm. Viewed in this light, and we think that the allegations of the paragraph ought not to, and can not, be fairly viewed in any other light, it would seem that the paragraph was not defective for the want of any of the allegations suggested in argument by appellees' counsel.

If, in fact, the assets of the Cabinet-Makers' Union had been entirely exhausted in the payment of the debts of the firm to persons who were not members thereof, and if the firm was still indebted to a member thereof for goods and merchandise sold and delivered thereto by such member, it seems to us that in an action by such member of the firm to recover an alleged indebtedness of the firm to such member thereof, nothing more need be alleged in a complaint in such action, than the appellants have alleged in the first paragraph of their complaint, in this action. The paragraph stated clearly and explicitly the nature of the indebtedness of said firm to the appellants, the proportion of said indebtedness the appellants, as members of the firm,

would have to bear, and the amount the other members of the firm were liable for to them; and this, we think, was sufficient. It was alleged by the appellants "that the affairs of the said Cabinet-Makers' Union have all been closed up." By fair construction we think that this allegation implied, not only that the firm had ceased to transact business of any kind, but that it had disposed of its property and collected all outstanding claims; and that the debts of the firm to third persons or strangers had all been paid therewith, and no part of the assets of the firm remained for the payment of its debts to the individual members of the firm. The affairs of a partnership are certainly not, and can not be said to be, all "closed up" as long as the firm has any property undisposed of, any outstanding solvent claims to be collected, or any debts of the firm to third persons or strangers remain unpaid. While, as we have said, the allegations of the first paragraph of the complaint are vague, indefinite and uncertain, yet it seems to us that the allegations, by fair construction, were sufficiently certain to show that the affairs of the Cabinet-Makers' Union had all been closed up, that its assets of every kind had been exhausted in the payment of its debts to third persons or strangers, that all such debts had been fully paid, and that nothing remained for settlement, connected with or growing out of the partnership business, except the debts of the firm to and among its individual members. Under this construction of the allegations of the first paragraph of the complaint, which we regard as a fair construction, it would seem to be certain that the facts stated therein were sufficient to show that the appellees, as members of the firm of the Cabinet-Makers' Union, were justly indebted for their proportionate part of the firm's indebtedness to the appellants for the goods, wares and merchandise sold and delivered, as alleged, by the latter to such firm. From this view of the case, it follows logically

and legally, that the court erred, in our opinion, in sustaining the appellees' demurrer to the first paragraph of the appellants' complaint.

We may properly remark, in conclusion, that none of the cases cited and relied upon by appellees' counsel, in support of their views, have seemed to us to be in point or applicable to the questions for decision in the case now before us. In the cases cited, the assets of the partnership were the matter in controversy; while, in the case at bar, the assets of the partnership are not involved and have no possible connection with the appellants' cause of action. Manifestly, therefore, the authorities cited by counsel can have no bearing whatever upon the proper decision of the questions presented in this case.

2. It is conceded by the attorneys of the appellees, as well as by those of the appellants, that the allegations of the second paragraph of the complaint, so far as the questions for the decision of this court are concerned, are substantially the same as the allegations of the first paragraph, already fully considered. We need not, therefore, consider further the questions presented by the second alleged error, namely, the sustaining of the appellees' demurrer to the second paragraph of the appellants' complaint. But, for the reasons given in our consideration of the sufficiency of the facts stated in the first paragraph to constitute a cause of action, we are clearly of the opinion that the court erred in sustaining the appellees' demurrer to the second paragraph of the appellants' complaint.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to overrule the appellees' demurrers to the first and second paragraphs of the appellants' complaint, and for further proceedings in accordance with this opinion.