## HANNA ET AL. v. McLAUGHLIN ET AL.

[No. 19,511.    Filed April 4, 1902.]

PARTNERSHIP. — *Accounting.* — *Demand.* — *Dissolution.* — No demand is
necessary before bringing suit for an accounting and settlement
between partners, where it is shown that the object for which the
copartnership was entered into has been fully accomplished and
nothing remains to be done except to divide the assets among the
partners.  *pp. 294, 295.*

SAME. —*Conversion of Funds by Partner.*—*Trusts.*—Where a partner
without the consent of his copartners applied partnership funds
to the payment of his individual debt, in the discharge of a mort-
gage lien on real estate owned by himself and wife, and afterward
conveyed his interest in the property to his wife, who had knowl-
edge of the fraud, such partner is a trustee of the firm for the
partnership funds, and the real estate is subject to the trust in
favor of the copartners to the extent of their interests in the funds
thus converted.  *pp. 296, 297.*

From Jay Circuit Court; *F. S. Caldwell,* Special Judge.

Suit by Samuel A. Hanna and others against Charles
W. McLaughlin and wife for an accounting and the en-
forcement of a trust. From a judgment in favor of de-
fendants, plaintiffs appeal. Transferred from the Appel-
late Court, under §1337u Burns 1901. *Reversed.*

*W. H. Williamson* and *S. A. D. Whipple,* for appellants.
*E. McGriff* and *G. W. Bergman,* for appellees.

DOWLING, J.—The appellants and the appellee, Charles
W. McLaughlin, formed a supposed copartnership for the
purpose of acting as the agents of one Fleming in finding a
purchaser for property owned by Fleming. The firm was to
advertise the property; all the expenses of the enterprise
were to be borne equally by them; and the commissions they
were to receive for making a sale were to be equally divided
among the copartners. They found a purchaser, and the
sale was effected. Their commissions amounted to $400 and
were paid by Fleming to the appellee, Charles W. McLaugh-
lin. He failed and refused to account to his copartners for
the moneys so received, and converted them to his own use,
and to the use of his wife, his co-appellee herein, in the fol-
lowing manner: The appellees, McLaughlin and wife, be-
ing the owners of the real estate described in the complaint,
conveyed the same to one Charles H. Grant, in trust. At the
request of the appellees, for their use, and in the discharge
of his trust, Grant executed a mortgage on the premises to
one Hutchens to secure the repayment of a debt of $500,
and immediately afterwards reconveyed the premises to the
appellees, in consideration of their agreement to pay said
mortgage debt. The appellee, Charles W. McLaughlin,
without the consent of his copartners, then paid the $400 of
partnership funds so held by him to Hutchens on account
of the mortgage debt of the appellees, and Hutchens re-
leased the said mortgage. Thereupon McLaughlin, without
consideration, conveyed all of his interest in the said prem-
ises to his wife and co-appellee. At the time the $400 of
partnership funds was applied upon the mortgage debt, and
at the time of the conveyance of the mortgaged premises to
Mrs. McLaughlin, she knew that the said moneys belonged
to the firm. All the partnership debts were paid before this
suit was brought, and the appellee, Charles W. McLaugh-

lin, is insolvent. The foregoing facts are set out in the first paragraph of the complaint, and the relief sought in that paragraph is an accounting, a personal judgment against Charles W. McLaughlin, and the enforcement of a lien for the amount due on the real estate conveyed to Mrs. Mc-Laughlin. The second paragraph charges a conspiracy between McLaughlin and his wife to defraud the appellants, and alleges, substantially, the same facts as the first. It asks for an accounting, a personal judgment against the appellee, Charles W. McLaughlin, a cancelation of the entry of satisfaction of the Hutchens mortgage, and the foreclosure of that mortgage for the use of the appellants. The appellee, Vone McLaughlin, demurred to each paragraph. Her demurrers were sustained, and judgment was rendered against the appellants. The rulings on the demurrers present the only questions for determination on this appeal.

It is urged in support of the decision of the trial court that a demand for a settlement before the commencement of the suit was necessary, and that neither paragraph of the complaint alleges such demand; that the suit was prematurely brought, because the partnership had not been wound up; and that, upon the facts pleaded, the appellants were entitled to no relief.

(1) No demand was necessary before bringing the action for an accounting and settlement. 15 Ency. Pl. & Pr., 1058; *McClung* v. *Copehart,* 24 Minn. 17. (2) The copartnership had expired by its own implied limitation. This was, at most, a technical partnership only. There was but a single transaction in which the parties were jointly interested, and that transaction was fully closed before the suit was brought. The facts closely resemble those in *Felbel* v. *Kahn,* 29 App. Div. 270, 51 N. Y. Supp. 435, where it was held that the contract was not one of partnership which required an accounting to settle the rights of the parties, but a joint adventure, which, having been executed, might be recovered on at law. The complaint in this suit, how-

ever, is in the nature of a bill in equity, and, treating the contract as creating a copartnership, we think a good cause of action is stated. It is shown that the object for which the copartnership was entered into has been fully accomplished, and that nothing remains to be done except to divide the assets among the partners. It appears that one partner has wrongfully seized upon, and appropriated to his own use, the entire assets of the firm. The partnership cannot be regarded as still subsisting, but, its purpose having been carried out, it may be treated as dissolved. By the express terms of the contract, there can be no further dealings of the partnership, and the difficulty suggested by the vice chancellor in *Loscombe* v. *Russell,* 4 Sim. 8, in cases of interference by the courts where the partnership still continues its active existence cannot, by any possibility, arise. The suit is not brought to enforce contribution, or to collect a debt alleged to be due from a partner to the firm, but its purpose is to secure an accounting and a final settlement of the partnership affairs. 3 Kent Com., Lect. 43, p. 53; Story on Partnership, §280; *Musier* v. *Trumpbour,* 5 Wend. 274. Besides, the facts set forth show such a gross abuse of authority, and such misconduct on the part of the guilty partner, that a court of equity would be justified in decreeing a dissolution, if it were necessary to do so, and ordering the partnership affairs wound up. Story on Part., §231. It is very evident that, considered as a suit for an accounting and a settlement of the partnership affairs, the complaint stated facts sufficient to require an answer from the defendants and appellees. (3) But under the circumstances set forth, the appellants were not only entitled to an accounting, but also to a distribution of the moneys of the firm in the hands of the appellee, Charles W. McLaughlin, and to a judgment against him for the amounts due to each of his copartners, respectively, upon a final adjustment of the partnership accounts. *Dale* v. *Thomas,* 67 Ind. 570; *Moran* v. *LeBlanc,*

6 La. Ann. 113; *Shattuck* v. *Lawson,* 10 Gray (Mass.), 405; *Arnold* v. *Arnold,* 90 N. Y. 580; *Meredith* v. *Ewing* 85 Ind. 410; *Dehority* v. *Nelson,* 56 Ind. 414; *Kimble* v *Seal,* 92 Ind. 276; *Miller* v. *Rapp,* 135 Ind. 614, 618.

The demurrers admit that the appellee, Charles W. Mc Laughlin, has, without the consent of his copartners, ap plied the partnership funds to the payment of his individual debt in the discharge of a mortgage lien on real estate con-veyed to his wife with notice of the fraud. As between themselves, the appellee, Charles W. McLaughlin, must be regarded as a trustee of the firm for the partnership funds collected and held by him. Where a trustee has, in fact, converted trust funds to his own use, or has, without au-thority, invested them in property into which they can be distinctly traced, the *cestui que trust* has the right to fol-low the same into the new investment; and, where trust funds are invested in the hands of third persons having knowledge of their character, they still remain impressed with the obligation of the trust in the hands of the holders, and are subject to be reclaimed and restored to the trust fund. *Pearce* v. *Dill,* 149 Ind. 136; *State* v. *Foster,* 5 Wyo. 199, 38 Pac. 926, 29 L. R. A. 226, 63 Am. St. 47; *Warren* v. *Union Bank,* 157 N. Y. 259, 51 N. E. 1036, 43 L. R. A. 256, 68 Am. St. 777; *Midland Nat. Bank* v. *Brightwell,* 148 Mo. 358, 49 S. W. 994, 71 Am. St. 608, and note on p. 614. It must be held, on the pleadings as they now stand, that the real estate conveyed to Mrs. Mc-Laughlin is subject to a trust in favor of the copartners to the extent of the shares of the appellants in the $400 of the funds used to discharge the mortgage debt.

For like reasons, we are of the opinion that the second paragraph, also, was sufficient in its statement of facts to entitle the appellants to an accounting, a personal judgment against Charles W. McLaughlin, and the enforcement of the trust against the real estate conveyed to the appellee, Vone McLaughlin; but we do not decide that any subroga-

tion of the appellants to the rights of Hutchens in the mortgage took place. Under the second paragraph, as well as under the first, the trust may be enforced against the real estate conveyed to Mrs. McLaughlin to the extent hereinbefore indicated.

For the errors of the court in sustaining the demurrers of the appellee, Vone McLaughlin, to the first and second paragraphs of the complaint, the judgment is reversed, with instructions to the court to overrule the said demurrers, and for further proceedings in conformity to this opinion.