### GRAHAM et al. v. SCHOOLER.

No. 9844—Opinion Filed Jan. 8, 1921.

(Syllabus by the Court.)

**1. Partnership — Dissolution — Action by Partner for Accounting—Petition.**

Where a petition in an action by one partner against another which alleges the partnership, gives a copy of the written contract therefor, alleges that each partner had a one-half interest as per contract attached, and that by mutual consent the business relations ceased on a certain date and therefore the firm ceased to carry on business as a partnership and said partnership was dissolved and that prior and subsequent to the dissolution thereof the defendant had collected outstanding claims due the partnership, in a stated amount, which the defendant failed and refused to account to the plaintiff for, and that during the partnership the plaintiff expended a certain sum for the current expenses pertaining to the business in excess of a certain sum expended by the defendant for such purposes, and alleges that on settlement there would be due the plaintiff a certain sum, and has attached copies of the receipts and disbursements as exhibits to the petition and prays that the defendant be required to account and settle, and for judgment for the balance due plaintiff in a stipulated sum, and for costs and for other proper relief, held, that the petition states a cause of action in favor of the plaintiff and against the defendant, and that the trial court did not err in overruling a demurrer to the petition and objections interposed by the defendant to the admission of evidence offered by the plaintiff.

**2. Same—Right of Partner to Judicial Accounting.**

When a firm has been dissolved, and no private accounting or settlement has taken place, either partner has an unconditional right to institute a suit for a judicial accounting.

**3. Same — Existence of Partnership—Question of Fact.**

When the question whether a partnership exists is a matter of doubt to be decided by inferences to be drawn from all the evidence, it is one of fact for the court or jury, and the court should not nonsuit or direct the jury to find a verdict for the plaintiff or defendant.

**4. Attachment—Right to Writ.**

The plaintiff in a civil action for the recovery of money may have an attachment upon the grounds set forth in the statute, and the fact that some specific relief is necessary, or that the action is one that formerly would have been a suit in equity, will not defeat the right to an attachment, if the action is one in which, in addition to such specific relief, a money judgment may also be rendered.

**5. Sales—Validity—Change of Possession.**

A transfer of personal property, to be valid under section 2897, Rev. Laws 1910, must be accompanied by an actual and continued change of possession, which must be open, notorious, and unequivocal, and such as to apprise the community and those who deal with the party that the goods have changed hands and the title thereto has passed from the vendor to the vendee.

**6. Fraudulent Conveyances—Sales Without Delivery—Right of Creditor With Notice.**

Notice or knowledge of a transfer of personal property capable of manual delivery, unaccompanied by a change of possession, will not prevent an existing bona fide creditor from seizing said property upon attachment or execution.

**6. Partnership—Attachment—Accounting of Partnership—Judgment—Evidence.**

Record examined, and held, that the judgment of the trial court is supported by the evidence, and the same is affirmed as modified.

Error from District Court, Choctaw County; C. E. Dudley, Judge.

Action by W. E. Schooler against George G. Graham for share of partnership assets, with attachment proceedings in which Nancy P. Graham intervened. Judgment for plaintiff, and defendant and intervener bring error. Affirmed.

J. B. Dudley, for plaintiff in error.

Jordan & Burke, for defendant in error.

JOHNSON, J. George G. Graham and W. E. Schooler formed a partnership under written agreement May 15, 1913, at Hugo, Oklahoma, for the general practice of law. By mutual consent this partnership was dissolved February 1, 1914, Schooler remaining in the office and Graham moving into an-

other building, where he continued to practice until he moved to California. On May 2, 1916, Schooler commenced this action in the district court of Choctaw county to recover a money judgment against Graham for his share in partnership receipts. Copy of the partnership agreement and itemized statement of receipts and expenses were attached to petition

The allegations of the plaintiff's petition were:

1. "That plaintiff and defendant have heretofore been engaged in the partnership business in the practice of law under the name of Schooler and Graham, Hugo, Oklahoma; that the interests of plaintiff and defendant in said firm were as follows: One-half interest each as per contract attached to this petition marked 'Exhibit A' and made a part thereof; that said business was carried on since its beginning May 16, 1913, up to Feb. 1, 1914, at which time, by mutual consent, the business relations ceased and the firm ceased to carry on said business as a partnership and said partnership was dissolved.

2. "That prior to the dissolution of said partnership said defendant collected the sum of $12.50 and since the said dissolution the said defendant has collected outstanding claims due said firm in the amount of $500.00, making a total of $512.50, which said defendant collected of partnership funds and which said defendant failed and refused to account to said plaintiff for. That during and since the dissolution of the said partnership the plaintiff has collected the sum of $41.00 partnership funds.

3. "That during said partnership the plaintiff herein expended the sum of $109.82 for current expenses pertaining to said business and said defendant expended the sum of $21.94 as current expenses of said partnership.

4. "Plaintiff further states that on settlement there will be due the plaintiff the sum of $280.69 with interest at 6 per cent. from November 5, 1914. A copy of the receipts and disbursements of both plaintiff and defendant are hereto attached, and marked 'Exhibit A' and made a part hereof.

"Wherefore, plaintiff prays that the defendant be required to account and settle and for judgment for the balance due plaintiff, that is, to wit: $280.69, with interest at 6 per cent. from October 3, 1914, and for his costs and for other and proper relief."

The court sustained a demurrer to the petition, and plaintiff was granted leave to amend by interlineations, by adding to the prayer the words: "That the defendant be required to account and settle." The demurrer to the petition as amended was then presented by the defendant, and overruled by the court.

The defendant's answer was a general and special denial.

We think that the demurrer to the amended petition, as well as the defendant's objection to the introduction of evidence, was properly overruled by the court, and that from an examination of the amended petition it is obvious same stated a cause of action for a judicial accounting between the parties. The amended petition seems to meet all the requirements of section 4737, Rev. Laws 1910, in that it contained the name of the court and the county in which the action was brought and the names of the parties plaintiff and defendant, and contained a statement of the facts constituting the cause of action in ordinary and concise language and without repetition, and the demand of the relief to which the party supposed himself entitled; and of section 4738, which provides that the plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of contract express or implied.

The rule that governs in this class of cases is stated in 30 Cyc. 712, 713, as follows:

"The mere fact that a partnership has been dissolved makes out a prima facie case for a partnership accounting; although a plaintiff rarely resorts to a court for a judicial accounting, unless some of the partners are improperly withholding firm assets, or neglecting to account, or have defrauded plaintiff into an unfair settlement, or have excluded him from the partnership business, or have carried on a business in competition with the firm. * * * When a firm has been dissolved, and no private accounting or settlement has taken place, either partner has the unconditional right to institute a suit for a judicial accounting." Citing in support thereof: Hanna v. McLaughlin, 158 Ind. 292, 63 N. E. 475; McClung v. Capehart, 24 Minn. 17; Deveney v. Mahoney, 23 N. J. Eq. 247; Stibich v. Goenner, 8 Pa. Dist. 227.

In the case of Cobb v. Martin et al., 32 Okla. 588, 123 Pac. 422, this court said:

"When the question whether a partnership exists is a matter of doubt, to be decided by inferences to be drawn from all the evidence, it is one of fact for the jury; and the court should not nonsuit or direct the jury to find a verdict for the plaintiff or defendant." See, also, Nation v. Savely, 66 Oklahoma, 168 Pac. 805; Dill. v. Flesher, 73 Oklahoma, 175 Pac. 359; Carlin v. Donegan, 15 Kan. 495.

In the latter case the court said:

"A petition in an action by one partner against another, which alleges the partner-

ship, gives a copy of the written contract therefor, alleges that the plaintiff at the outset paid in a certain specified amount, that the partnership was terminated, and that during its existence plaintiff had paid on account of debts and expenses a large sum, and that upon a settlement of the partnership accounts, which the plaintiff had vainly sought, a large sum would be found due the plaintiff, and which shows that the partnership owned a large number of chattels, and involved a series of transactions, states a cause of action, and must be held good as against any objection that can be raised by demurrer, notwithstanding it does not in terms allege that the defendant had possession of any of the partnership property, or that he had any accounts to render."

At the time suit was brought a writ of attachment was issued and several hundred volumes of law books formerly owned and used by Graham were attached as the property of the defendant. Nancy P. Graham, mother of George G. Graham, intervened in said action and claimed ownership of the attached property by virtue of a bill of sale executed December 1, 1915, and filed for record by her May 1, 1916.

Upon these issues the case was tried October 3, 1917, a jury being waived, and judgment was rendered in favor of plaintiff for the amount sued for, sustaining the order of attachment and ordering the attached property sold, and denying intervener any relief under said bill of sale. From this judgment and order overruling motion for new trial, defendant and intervener have appealed.

The ten assignments of error submitted are argued in the briefs under two specifications. The chief contention of plaintiffs in error is that one partner cannot maintain an action at law against another to recover an amount claimed by him by reason of partnership transactions, until there has been a final settlement of the partnership affairs. It is urged that the addition to the prayer did not, as a matter of fact, amend the petition nor relieve the plaintiff from its effect.

Counsel for plaintiffs in error makes the contention that the affairs of the partnership had not been wound up and no determination made as to the interest of the partners in firm property, because the partnership owned some real estate, the title to which was in the name of the partners, and that in purchasing same they bought it subject to existing mortgages which they assumed as a part of the purchase price, and that in addition to this they had some uncollected accounts.

The testimony was more or less conflicting, but there is competent testimony reasonably tending to support the judgment of the court, and we cannot say that the same is clearly against the weight of the evidence.

At the close of the case the trial court rendered the following judgment:

"And the court having heard the evidence adduced by the plaintiff and by the defendant and by the interpleader, and having heard the argument of counsel for the respective parties, upon consideration thereof, being fully advised in the premises, finds the issues herein in favor of the plaintiff and against the interpleader; that all the material allegations of plaintiff's petition are true; that the partnership heretofore existing between the plaintiff and the defendant has been, by mutual consent of said parties dissolved, and that upon the accounting taken by the court of said partnership affairs, there is due from the defendant, George G. Graham to the plaintiff, W. E. Schooler, the sum of $259.69, with interest thereon at the rate of six per cent. per annum, from the 3rd day of October, 1914, until paid, for which amount, together with the costs of this action, the plaintiff should have judgment against the defendant.

"The court further finds that the property levied upon under the order of attachment issued in this cause, is the property of the defendant, George G. Graham, and that the attachment levied in this action should be sustained."

And the trial court decreed a sale of the attached property.

The interpleader, Nancy P. Graham, filed in this cause a plea of intervention, claiming that she was the owner of the property attached in the action, by virtue of a bill of sale executed by George G. Graham to her on the 1st day of December, 1915, which was filed for record in the office of the county clerk of Choctaw county, Oklahoma, on the 1st day of May, 1916, in which plea of intervention she asked for a discharge of the attachment and for damages for wrongful attachment.

Upon the trial of the case, it was contended by defendant in error that under the evidence the attempted sale of this property was not accompanied by an immediate delivery and followed by an actual and continued change of possession, and that therefore the attempted transfer of the property by George G. Graham to his mother, Nancy P. Graham, was conclusively presumed to be fraudulent and therefore void against the defendant in error.

Section 2897, Revised Laws of Oklahoma 1910, provides:

"Every transfer of personal property other

than a thing in action, and every lien thereon, other than a mortgage when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accomanied by an immediate delivery and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any persons on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or incumbrances in good faith subsequent to the transfer."

The court found, in effect, that there was not an immediate delivery of the property and such actual and continued change of possession as was sufficient to pass the title to the property as against the defendant in error.

The bill of sale bears date of December 1, 1915. It was filed for record on May 1, 1916, five months after the date of its execution. The suit was brought May 2, 1916, and the property attached on that date. The firm of Schooler & Graham was dissolved February 1, 1914, after which the plaintiff in error, George G. Graham, moved his office and his law books and book cases into the Wright Building in the city of Hugo, Oklahoma, where he continued to office until in May, 1916, when he moved to Fresno, Cal. When George G. Graham left Hugo for California, he left the law books and book cases in the same office which he had occupied, with Mr. Ellinghausen and Mr. Bozarth, lawyers. The books remained in the law offices of Ellinghausen and Bozarth until Mrs. Nancy P. Graham, the interpleader, whose home was at Norman, Oklahoma, came to Hugo in April, or May, 1916, just before this suit was filed, and the law books were in the same place when they were attached.

In these circumstances the trial court rendered the proper judgment. Williamson-Halsell-Fraser Co. v. King, 58 Okla. 120, 158 Pac. 1142; Swartsburg v. Dickerson, 12 Okla. 566 73 Pac. 281; Walters v. Ratliff, 10 Okla. 262, 61 Pac. 1070; Love v. Hill, 21 Okla. 347, 96 Pac. 623; Ellet-Kendall Shoe Co. v. Ross, 28 Okla. 697, 115 Pac. 892; McCord-Collins Merc. Co. v. Dodson, 32 Okla. 561, 121 Pac. 1085.

This being the state of the record on the attachment branch of the case, we think the testimony tends strongly to support the judgment of the court sustaining the attachment, and that the attachment proceeding was properly brought. In the case of Hendrickson v. Brown, 11 Okla. 41, the rule is stated as follows:

"The plaintiff in a civil action for the recovery of money may have an attachment upon the grounds set forth in the statute, and the fact that some specific relief is necessary, or that the action is one that formerly would have been a suit in equity, will not defeat the right to an attachment, if the action is one in which, in addition to such specific relief, a money judgment may also be rendered."

The conclusion is reached that the findings of the trial court upon the case as a whole are supported by the evidence.

It appears from the record that at the time of the trial the defendants owned as tenants in common three small tracts of land, against some or all of which there was some incumbrance for which the parties were probably liable, and that no accounting as to it was made by the trial court. We think an accounting should be had and the equities of the parties adjusted in relation thereto, and that the judgment be so modified as to authorize the trial court to so proceed, and, as thus modified, the judgment should be affirmed, and it is so ordered.

HARRISON, PITCHFORD, McNEILL, and HIGGINS, JJ., concur; COLLIER, J., dissents.