Marshall, Oh. J.,
 

 delivered the opinion of the court. — James Lawrason. in his lifetime, filed his bill in the circuit court of the United States, sitting in chancery, for the county of Alexandria, stating, that being seised of a warehouse and one moiety of a wharf, in the town of Alexandria, of which his son, Thomas Lawrason was seised of the other moiety, he agreed to rent the premises to Lawrason
 
 &
 
 Fowle, a commercial house in the said town, of which the defendant, William Fowle, is the surviving partner ; the said Lawrason & Fowle entered into the premises under the contract, and retained possession thereof several years. The plaintiff says, he understood and supposed, that he was to receive $1600 each year, for the property, and that it was reasonably worth that sum ; but that no express stipulation was entered into fixing the amount of rent. The plaintiff also had other dealings with Lawrason
 
 &
 
 Fowle, and the account remained unsettled, until the death of Lawrason, who was the son of the plaintiff.
 

 
 *323
 
 *The bill states, that the parties agreed to leave the whole subject to arbitration, and that the arbitrators reported a large sum in his favor. A suit was instituted on this award; and the court being of opinion, that it was void in law, for informality, gave judgment for the defendant. _ This suit is brought to establish the settlement of the accounts between the .-'parties, which was made by the arbitrators ; or if that cannot be done, for _ a settlement of them under the authority of a court of chancery.
 

 1 The suit abated by the death of the plaintiff, and was revived in the name of his executor. It appearing, that the representatives of Thomas Lawrason, the son, who owned a moiety of the wharf occupied by Lawra¡son, & Fowle, were interested in the controversy, they were made parties. The answers were then filed. The defendant Fowle admits the occupation of the premises, without any specific agreement as to the amount of rent; and admits the reference to arbitrators, after the death of his partner. He understood, that the whole rent payable both for the warehouse and wharf . was claimed by James Lawrason, until after the award was made ; and the ' arbitrators, he is satisfied, made the award under this impression. On understanding that Thomas Lawrason’s executors asserted a right to so much of the rent as was equivalent to his interest in the wharf, the defendant requested that it might be apportioned between them ; and then discovered, that James Lawrason claimed the whole rent awarded, as being for his interest, leaving the defendant liable to the executors of Thomas Lawrason. Every effort to adjust this difference having proved unavailing, the defendant refused to perform the award ; and the suit instituted thereon by James Lawrason was decided against the plaintiff. The answer of Thomas Lawrason’s administrators asserts the right of their intestate, to so much of the rent as will be a just compensation for his interest in the wharf.
 

 The accounts were referred to a commissioner, who reported the sum of $2638.83, with interest from the 26th day of August 1819, to be due to the executors of James Lawrason, should he be entitled to the whole rent accruing on the *demised premises ; should the rent on the moiety of the ^ wharf owned by Thomas Lawrason be deducted, the plaintiffs were *- 508 entitled to nothing. The court decreed the sum reported by the commissioner, without prejudice to any claim which the representatives of Thomas Lawrason, deceased, may make upon the estate of James Lawrason, deceased, for any portion of the rents decreed to be paid by the defendant Fowle. From this decree the defendants appealed to this court. Two errors have been assigned. 1. The party complaining had a plain and adequate remedy at law. 2. The decree ought to have settled finally the rights of Thomas Lawrason’s executor.
 

 That a court of chancery has jurisdiction in matters of account, cannot be questioned, nor can it be doubted, that this jurisdiction is often beneficially exercised ; but it cannot be admitted, that a court of equity may take cognisance of every action, for goods, wares and merchandise sold and delivered, or of money advanced, where partial payments have been made, or of every contract, express or implied, consisting of various items, on which different sums of money have become due and different payments have been made. Although the line may not be drawn with absolute precision, yet it may be safely affirmed, that a court of chancery cannot draw to itself every transaction between individuals in which an account between
 
 *324
 
 parties is to be adjusted. In all cases in wbicb an action of account would be tbe proper remedy at law, and in all cases where a trustee is a party, the jurisdiction of a court of equity is undoubted ; it is the appropriate tribunal. But in transactions not of this peculiar character, great complexity ought to exist in the accounts, or some difficulty at law should interpose, some discovery should be required, in order to induce a court of chancery to exorcise jurisdiction. 1 Madd. Chan. 86 ; 6 Yes. 136 ; 9 Ibid. 437. In the case at bar, these difficulties do not occur. The plaintiff sues on a contract by which real property is leased to the defendant, and admits himself to be in full possession of all the testimony he requires to support his action. The defend- ^ , ant opposes to this claim, as an off-set, a sum of money *due to him -> for goods sold and delivered, and for money advanced ; no item of which is alleged to be contested. We cannot think such a case proper for a court of chancery. We are, therefore, of opinion, that the decree of the circuit court ought to be reversed ; and the cause remanded, with directions to dismiss the bill, the court having no jurisdiction.
 

 This cause came on to be heard, on the transcript of the record, from the circuit court of the United States for the district of Columbia, holden in and for the county of Alexandria, and was argued by counsel: On consideration whereof, it is considered, ordered and decreed by this court, that the decree of the said circuit court in this cause be and the same is hereby reversed, and that this cause be and the same is hereby remanded to the said circuit court, with directions to dismiss the bill, the court having no jurisdiction.