## SMITH & CO. v. BRYCE.

1. In all cases where the right to a trial by jury existed at the adoption of the constitution of 1868, such right is retained, and must "remain inviolate." Art. I., § 11.
2. In an ordinary action on an open account or account stated, presenting

no special features of equitable cognizance, the parties are entitled to a trial by jury, even though the examination of a long account may be involved.   Section 295 of the Code must be construed to apply to such cases only as were not triable by jury prior to 1868.

.3.  In a common law action, an order of reference to take the testimony and state the accounts was objected to by defendant upon the sole ground that no examination of a long account was involved.   When the report of the referee was made, and called in the Circuit Court for a hearing, defendant demanded a trial by jury, *Held,* that all the issues not being referred, there was no waiver of the right to a jury trial.

4   Where both legal and equitable issues are involved in a case, each must be tried by its appropriate tribunal.

5. In action by a cotton factor against his principal for balance due on an account, the defendant alleged that but for the plaintiff's unauthorized delay in selling the cotton shipped, the account would have been paid. *Held,* that this was not an equitable defense.  ·

Before HUDSON, J., Spartanburg, April, 1881.

Action by B. R. Smith & Co. against John E. Bryce, commenced January, 1880.

Upon the points considered by this Court, the judgment of the Circuit Court was as follows:

This action is by the plaintiffs, who are commission merchants and cotton factors of Boston, Mass., against their principal, John E. Bryce of Spartanburg, seeking to recover a balance alleged to be due them on an account stated between them.   At a previous term of this Court, the case being called for hearing, his Honor, Judge Wallace, against the consent of the defendant, it appearing that a long accounting is involved in the action, referred the matter to a referee to take testimony and ascertain the balance due on the account and report the same to this Court.   This work has been done by the referee. At the hearing on report of the referee at the present term, the defendant, through his counsel, the juries having been discharged, demanded a trial by jury, and protested against a trial by the Court upon the report of the referee.   The plaintiffs insisted upon a trial without a jury.   I take it for granted that if the question had been urged before Judge Wallace he would not have, against protest, ordered a reference.   But the cause having taken this course under a previous order of this Court,

I did not feel that I should arrest its further progress and remand it to trial by jury.

Besides, the action, though in form in assumpsit, is between parties standing in a fiduciary relation, and does involve a statement of accounts. The jurisdiction of a court of equity may well be invoked to determine such an adjustment of accounts, and this view of the case possibly induced the compulsory reference. We are not disposed to hold sec. 295 of the Code as applicable to actions at law, unconstitutional as violating the right of trial by jury, but look upon it as a provision of law in furtherance of the ends of justice. It is only in actions at law containing features of equitable jurisdiction that compulsory references are allowed, and this is one of that class.

All other matters are stated in the opinion.

Mr. *R. W. Shand*, for appellant.

Messrs. *J. S. R. Thomson, Ralph K. Carson*, contra.

August 8, 1882. The opinion of the Court was delivered by

MR. JUSTICE McIVER.—The plaintiffs, who are cotton factors and commission merchants, doing business in the city of Boston, brought this action on an account for money advanced to the defendant at divers times between October 31, 1876, and December 5, 1877, alleging that no part thereof had been paid except as stated in the complaint, to which is annexed a copy of the account as an exhibit. They also allege that on March 1, 1878, an account was stated between the plaintiffs and the defendant by which a balance of six hundred and ninety-seven dollars and five cents was found to be due by defendant to the plaintiffs, and they demand judgment for such balance with interest from March 1, 1878.

The defense mainly relied upon by the defendant was that, though it was true that the plaintiffs had advanced him large sums of money from time to time, to be used in buying cotton to be shipped to the plaintiffs for sale on commission, yet he had shipped a sufficient amount of cotton to refund these ad-

vances if the same had been sold as directed by the defendant; but that plaintiff, by delaying the sale, in violation of such instructions, had caused a loss which resulted in throwing the balance against the defendant.

The case being at issue was docketed by the plaintiff's attorneys on Calendar No. 1, when an order was moved for by plaintiffs to refer the cause to a referee, on the ground that it was a case requiring the examination of a long account. Defendant, by his counsel, objected to the reference on the ground that it was not a case requiring the examination of a long account. On hearing the complaint, Judge Wallace overruled the objection, and passed the following order: "It appearing that a settlement of a long account is involved in this action, it is ordered that it be referred to Geo. W. Nicholls, Esq., as special referee, to take testimony and state all the accounts of the parties in this action and report the same to this Court."'

The referee made his report, finding as matter of fact that the exhibit filed with the complaint is a correct statement of the account between the parties, and that defendant "is not entitled to any discount, set-off, or counterclaim by reason of the plaintiff's not selling the cotton immediately on arrival, or from any want of diligence in failing to secure the best price in selling said cotton," and as matter of law that the defendant is indebted to the plaintiffs in the sum mentioned as the balance due in the complaint, with interest from March 1st, 1878.

The case being still on Calendar No. 1, was not reached until after the juries were discharged for the term, and when it was taken up by consent, the defendant insisted upon his right to a trial by jury, and objected to a hearing without a jury. The Circuit Judge overruled the objection, and required the parties to proceed with the trial, to which ruling the defendant excepted. After argument, the Court rendered judgment in favor of the plaintiffs for the amount found to be due by the referee, and from this judgment defendant appeals upon various grounds. We do not, however, propose to consider any of these grounds but the first, which raises the question whether the defendant was entitled to have the case

tried by jury, inasmuch as, under our view, the case must go back for a trial by a jury, and it might be premature to consider questions upon the merits which may be presented at another trial, in a different light, and under a different state of facts.

The only question, therefore, is whether the case was such as to entitle the defendant to demand a trial by jury. To determine this question, it is only necessary to inquire whether this was a case of which the Court of Equity could have taken jurisdiction at the time of the adoption of the present Constitution, for it is not pretended that it falls within any of the other classes of cases in which the parties did not then have a right to a trial by jury; because, if it were not such a case, then clearly the defendant had a right to a trial by jury, which right is secured to him by the express terms of the Constitution, Art. I., Sec. 11. " The right of trial by jury shall *remain* inviolate," that is, wherever that right existed at the time of the adoption of. the Constitution, such right should "*remain*"—continue inviolate.

It is very manifest that the Court of Equity could not have taken jurisdiction of this case, for it was nothing but an ordinary action on an open account, or, as it is claimed in one of the paragraphs of the complaint, an action upon an account stated; and regarded in either light, it is clear that it presented no ground of equitable cognizance. The remedy at law was plain, adequate, and complete, as much so as if it had been an action on an ordinary merchant's account or on a blacksmith's account.

It is quite true that the jurisdiction of the Court of Equity in *matters of account* was well settled, but we do not understand that it was ever supposed that a Court of Equity could take jurisdiction of *every* case in which it was sought to recover the amount of an account or a balance due thereon, and certainly not on an account stated, for that presupposes that the parties have already come to an accounting, and ascertained the balance due, and this would supersede the necessity for calling into action the machinery of a Court of Equity, which it was supposed was more peculiarly adapted to

taking and stating accounts between parties. To give that Court jurisdiction there must be some feature in the case peculiarly belonging to equity proceedings.

As is said by Marshall, C. J., in *Fowle* v. *Lawrason*, 5 *Peters*, 503: "It cannot be admitted that a Court of Equity may take cognizance of every action for goods, wares, and merchandise sold and delivered, or of money advanced when partial payments have been made, or of every contract, express or implied, consisting of various items on which different sums of money have become due and different payments have been made. Although the line may not be drawn with absolute precision, yet it may be safely affirmed that a Court of Chancery cannot draw to itself every transaction between individuals in which an account between parties is to be adjusted. In all cases in which an action of account would be the proper remedy at law, and in all cases where a trustee is a party, the jurisdiction of a Court of Equity is undoubted. It is the appropriate tribunal. But in transactions not of this peculiar character, great complexity ought to exist in the accounts, or some difficulty at law should interpose, some discovery should be required in order to induce a Court of Chancery to exercise jurisdiction."

We are unable to discover in this case anything which imparts to it any feature of equitable cognizance. There is no allegation of any complexity in the account requiring the aid of the machinery of a Court of Equity for its proper adjustment, no allegation of any difficulty in making the necessary proof before the jury, or of any obstacle in the way of a proceeding at law, no demand for a discovery, nothing to indicate that the plaintiffs have not a plain, adequate, and complete remedy at law. Indeed, the plaintiffs do not ask for an accounting, and, on the contrary, the whole frame of their complaint shows that no accounting is necessary or desirable. They simply present a plain legal demand, and demand a judgment which a court of law is quite as competent to render as a Court of Equity would be.

It is true that the language used in Sec. 295 of the Code seems to be broad enough to authorize a reference without

the consent of the parties, in *any* case where the examination of a long account is necessary, but this language must be construed as applying only to those cases in which a trial by jury is not secured to the parties, in order to avoid a conflict with that provision of the constitution guaranteeing that right. We think, therefore, that the defendant was entitled to have his case tried by a jury, and that the Circuit Court erred in denying him that right.

It is contended, however, by the respondents that the appellant has waived his objection to the order of reference, based upon the ground of his constitutional right to a trial by jury, inasmuch as the only ground that he took in opposition to that order was, that this was not a case requiring the examination of a long account, and not that it was a case in which he had a right to a trial by jury. It will be observed that, by the terms of the order of reference, the issues in the action were not referred to the referee to be heard and determined by him, but he was simply required " to take testimony and state all the accounts of the parties in this action, and report the same to this Court;" and as Sec. 295 of the Code, in subdivision 1 provides that the referee " may be directed to hear and decide the whole issue, *or* to report upon any specific question of fact involved therein," the defendant might well have supposed that the object of the order of reference was *not* to preclude him from his constitutional right of trial by jury, inasmuch as the order did not authorize the referee *to* hear and determine the issue, but simply to take the testimony, state the accounts, and report the same to the Court, and that, when the report came in, the question as to the mode of trial could be made. Accordingly, when the report was made to the Court, the question as to the mode of trial was at once raised, and we think it was in time, inasmuch as up to that time there had been no *trial* of any of the issues in this action.

Again, it is contended that the defense set up by the answer was an equitable one, and thereby the case was converted into an equity case. Even were this so, it would not deprive the defendant of the right to have the legal issues presented by the plaintiff's claim tried by a jury. Under the peculiar

system of pleading and practice introduced by the Code, a case may present both legal and equitable issues, and in such an event, it has been held, in *Adickes* v. *Lowry,* 12 *S. C.* 108, that the proper practice is, that the issues should be separated, and each tried by its appropriate tribunal. Hence, even if it should be conceded that the answer set up an equitable defense, the defendant would not thereby lose the right to have the purely legal claim set up by the plaintiffs tried by a jury.

We are, not, however, prepared to concede that the answer must necessarily be regarded as setting up an equitable defense. While it is true that a principal might have gone into the Court of Equity for the purpose of demanding an account from his agent or factor, yet it does not follow that this would have excluded a court of law from taking jurisdiction of the question, whether all proper credits had been allowed by the agent or factor on an account upon which he had brought an action in a court of law against his principal. And this is really what the defense set up in this case amounted to.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.