## JOHN CROSSLEY SONS, Limited, *v.* CITY OF NEW ORLEANS.[1]

*(Circuit Court, E. D. Louisiana.* April 21, 1884.)

EQUITY JURISDICTION—ACCOUNT.

> An account, if complicated so as to be incapable of being had at law, of itself is ground of equity jurisdiction. Such an account, especially when it must be followed by the proportioning and distribution of a fund, can be taken in a court of equity.

Cause Submitted on General Demurrer, the ground in support of it being that there is remedy at law.

*Henry C. Miller,* for complainants.

*Charles F. Buck,* City Atty., for defendant.

BILLINGS, J. The bill sets forth that in 1858 a system of drainage was established by the legislature of the state, whereby certain assessments were authorized to be made and recorded,—all of which was done,—whereby numerous tracts or pieces of land within the parish of Orleans became subject to liens. Under this first act the whole matter of drainage was committed to a board of commissioners. The bill then avers that in 1871 the legislature superseded the board of drainage commissioners by the Mississippi & Mexican Gulf Ship Canal Company. To this latter company was transferred all the rights and liens arising from the drainage assessments. The moneys collected therefrom were declared to be a trust fund, and the city of New Orleans was authorized and required to draw warrants for work done by said corporation in the matter of drainage. The bill then shows that in 1876 the city of New Orleans was substituted as the corporation to conduct the said drainage business,—was authorized to purchase all the franchises, tools, etc., of the Mississippi & Mexican Gulf Ship Canal Company, and to pay for the same by warrants to be drawn by said city against said trust fund. The bill then shows that the complainants are the holders of the warrants so drawn against the said trust fund by said city for such work, and for the price of the said purchase to the amount of $436,000. The bill is

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

filed ir behalf of the complainants and "all who hold obligations of the cla is held by them," and asks, among other things, "an account of all v arrants entitled to payment from and out of said fund."

For he purposes of this hearing there is no question made or submitted as to the legality or validity of the complainant's demands. The sole question now to be determined is, does the complainants' bill sh )w a cause of action over which a court of equity can take cogniz: nce? Its first object, as demanded, is an account or disclosure of ill the warrants drawn against these alleged mortgage liens. An ace )unt, if complicated so as to be incapable of being had at law, of itse f is ground of equity jurisdiction. Such an account, especially v hen it must be followed by proportioning and distribution of a fund, ( in be taken in a court of equity. The bill of complainant, therefo e, presents a cause of action which can be dealt with, at least to the xtent of the accounting, by a court of equity, and the demurrer mo st therefore be overruled, and let the defendant answer the bill on or before the second Monday of the next succeeding rule-day.