FENNO et al. v. PRIMROSE et al.

(Circuit Court, D. Massachusetts. May 15, 1902.)

No. 1,580.

1. EQUITY JURISDICTION—COMPLICATED ACCOUNTS—INADEQUACY OF REMEDY AT LAW.

Equity has jurisdiction of a suit by a factor for a settlement of his accounts with his principal where the dealings between the parties were numerous, and the matters in dispute are so many that it is impracticable to take an account by the ordinary common-law proceedings.

In Equity. On motion for interlocutory injunction.

Storey, Thorndike, Palmer & Thayer, for complainants.
Whipple, Sears & Ogden, for defendants.

PUTNAM, Circuit Judge. This matter comes up on a motion for an interlocutory injunction restraining the prosecution of a suit at law relative to the same matters which the present bill covers. Whether or not a permanent injunction will lie against the suit at law depends, perhaps, entirely on the question whether this court has jurisdiction to proceed in equity on this bill. We would have no question on the present showing that, if we have such jurisdiction, the suit at law should be restrained by both interlocutory and final decrees to that effect. That suit relates to numerous consignments of wool from the plaintiffs to the defendants therein. The declaration alleges that the defendants therein disregarded the instructions of the plaintiffs as to the methods and times of sales, to the great loss of the plaintiffs. If that were the only question involved, we would be strongly of the opinion that the suit at law should be allowed to proceed, notwithstanding the consignments were numerous. It is not necessary to state our reasons therefor.

But, of course, arising from the consignments were a great many minor transactions, with reference to disbursements for storage, insurance, cartage, and commissions. The declaration at law contains an allegation that the defendants wrongfully withheld a large amount of the proceeds of sales of the consignments belonging to the plaintiffs, "under the guise of pretended disbursements for storage, insurance, and cartage, and upon an unjust and improper claim for commission in excess of the agreed amount for commission." It is not necessary to enlarge on the declaration in this particular, because what we thus point out is sufficient for our present purpose. The complainants allege in their bill that in this way the entire mass of the complainants' accounts with reference to the consignments, and every item thereof, are put in issue, and that it would be impracticable for a jury to pass on all these issues intelligently. If the questions are so involved as would appear in the declaration in the suit at law and in the allegations of complainants' bill, we have no question that an attempt by a jury to pass on the issues between the parties would result in a failure of justice, because it would be impracticable for a jury to do so correctly.

¶ 1. See Account, vol. 1, Cent. Dig. §§ 62, 63, 65.

The most that a jury could award would be a lump sum, derived from general impressions remaining as the consequence of a trial, covering, as this would, several weeks, and involving a great multitude of items of all kinds. We are also satisfied that the system of accounting by an auditor which prevails in this district, would not relieve this difficulty, especially as we have no assurance that the parties, even with the aid of an auditor, would sift out the details in such a way as to simplify the issues. Consequently, as the case now stands, on the present allegations of the plaintiffs' declaration at law and the complainants' bill in equity, it is impossible to do justice, except on an accounting taken under the direction of a chancellor. Under such circumstances, we think jurisdiction lies in equity. Mr. Justice Story, in section 459 of his work on Equity Jurisprudence, apparently leaves one side a case like this at bar, and enumerates only certain well-known grounds of jurisdiction in equity for taking accounts. Of course, there is no doubt that, wherever the technical action of account lies at common law, equity has concurrent jurisdiction. So, also, it has undoubted jurisdiction to take the accounts of a principal against an agent, a cestui que trust against a trustee, a consignor of goods against his factor, and in all cases where there is a fiduciary relation which entitles the complainant in the bill to demand an account and a discovery of the items thereof. So, also, it is universally recognized that equity has jurisdiction where there are mutual accounts of a complicated character. The case at bar, however, is not within those clear equities, as it is not by a principal against an agent, but by an agent against his principal; and the only ground on which jurisdiction is asserted is the complicated nature of the accounts, rendering it, as we have shown, impracticable to take them by the ordinary common-law proceedings. In Mr. Bigelow's note to the section in Story's Equity Jurisprudence to which we have referred, he states three grounds of equity jurisdiction, among which is where dealings are so complicated that they cannot be properly adjusted in a court of law. That under such circumstances the chancellor has jurisdiction is apparently thoroughly settled in England, and, as is well known, the federal courts act on the rules and principles which have long been recognized by the English equity courts, notwithstanding the general enactment in the statutes of the United States barring the exercise of equitable jurisdiction where there is ample remedy at law. Railway Co. v. Nixon, 1 H. L. Cas. 110, is often accepted as recognizing this rule in England. It may well be doubted whether it does, because, although that was a case of a railroad contractor against the railroad corporation with reference to a contract for construction, yet apparently the only question involved was one of accounting, without any issues peculiarly suitable for a jury. The opinions in this case, however, recognized the rule laid down by Lord Redesdale in O'Connor v. Spaight, 1 Schoales & L. 305, 309, decided as early as 1804, to the effect that it is a sufficient ground for jurisdiction in equity that the accounts are too complicated to be taken at law. Also in Foley v. Hill, 2 H. L. Cas. 28, the rule is clearly recognized that the chancery courts will take accounts when complicated, independently of all other equities; and the cases, including the three which we have cited, were

summed up to that effect by the court of appeal in Hill v. Railway Co., 12 Law T. (N. S.) 63, in a case in which fundamental issues, aside from those of mere accounting, were raised in litigation on a bill brought by a contractor against a railway company for the adjustment of liabilities growing out of a construction contract.

In the United States the rule was sufficiently stated by Mr. Chief Justice Marshall in Fowle v. Lawrason's Ex'r, 5 Pet. 495, 503, 8 L. Ed. 204, 207, as follows:

"In all cases in which an action of account would be the proper remedy at law, and in all cases where a trustee is a party, the jurisdiction of a court of equity is undoubted. It is the appropriate tribunal; but in transactions not of this peculiar character great complexity ought to exist in the accounts, or some difficulty at law should interpose, some discovery should be required, in order to induce a court of chancery to exercise jurisdiction."

There is nothing in Root v. Railroad Co., 105 U. S. 189, 26 L. Ed. 975, which contravenes the rule thus recognized by the authorities to which we have referred. This case only lays down the general rule, admitting at page 216, 105 U. S., and page 985, 26 L. Ed., that an equity may arise out of, and inhere in, the nature of the account itself, springing from special and peculiar circumstances which disable a recovery at law altogether, or render the remedy in a legal tribunal difficult, inadequate, and incomplete. Moreover, Root v. Railroad Co. did not arise out of a contract, but presented a question whether a court in equity would take jurisdiction over numerous torts merely because they were numerous.

Therefore, as we have already said, we are of the opinion that, on the present aspect of the case, this court has jurisdiction to retain this bill; but the court, as now constituted, is always extremely reluctant to grant interlocutory injunctions, or to take any other action, dependent on judicial discretion, which may seriously involve the rights of parties. For reasons which it is not necessary to state, it will be impracticable at this term to try the action at law to which this bill relates. It may be that the answer, or the further development of proceedings on the bill, will show that, after all, there is no real controversy, except with reference to the alleged disobedience of orders as to the times and methods of sale of the consigned merchandise. In that event it is probable that the action at law would necessarily go on. For the present, however, the court makes only the following order:

The petition for an interlocutory injunction is dismissed, without prejudice, reserving the right to the complainants to renew the same after respondents have pleaded or answered to the bill.