## HOOSIER CONSTRUCTION COMPANY v. NATIONAL BANK OF COMMERCE OF SEATTLE.

[No. 4,875. Filed April 7, 1905.]

1. ACTION.—*Legal or Equitable.*—*Contracts.*—*Account.*—An action by an assignee, on his assignor's contract, or on an account for money due under such contract, unless other facts are alleged therein which are cognizable only in a court of equity, is an action at law, and is triable by jury.  p. 272.

2. PLEADING.—*Complaint.*—*Legal or Equitable Action.*—*How Determined.*—Whether a complaint states an action at law or in equity must be determined by the general character of the pleading, and not by isolated averments.  p. 274.

3. SAME.—*Complaint.*—*Substance.*—*Form.*—Under the Indiana code of practice the nature of the cause of action is determined by the substance of the complaint, and not by its form.  p. 275.

4. CONTRACTS.—*Action on.*—*Legal or Equitable.*—An action for the balance due under a violated contract, the remedy at law being adequate, is not cognizable in a court of equity.  p. 276.

5. ACTION.—*Legal or Equitable.*—*Complaint.*—*Prayer.*—An action for a balance due under a violated contract is cognizable at law, even though the account is complicated and the 'prayer of the complaint asks for an accounting.  p. 276.

6. ACCOUNT.—*"Mutual."*—*What Is.*—"Mutual accounts," as spoken of in equity, do not include accounts consisting of charge on one side and payments on the other.  p. 278.

7. APPEAL AND ERROR.—*Weighing Evidence.*—The Appellate Court can not weigh conflicting evidence in a case triable by a jury.  p. 280.

From Superior Court of Marion County (58,066); *Vinson Carter,* Judge.

Action by the National Bank of Commerce of Seattle against the Hoosier Construction Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Hawkins & Smith,* for appellant.

*Louis Newberger, Clarence E. Weir, Charles W. Richards, Lawrence B. Davis, Milton L. Simon* and *Albert Asche,* for appellee.

WILEY, J.—Appellee was plaintiff below, and recovered a judgment against appellant for $988.73. The issues were

joined on the complaint and answer, but, as no question is presented under the assignment questioning the sufficiency of the pleadings, they will only be referred to in the course of the opinion so far as it is necessary to determine the nature of the action.

It is earnestly contended by appellant that this is a suit in equity, and hence triable by the court, while on the other hand it is insisted that it is a suit at law, and triable by a jury, if a jury had been demanded. We will first determine the question upon which these contentions are made. It ought not to be difficult to determine from a complaint whether it seeks legal or equitable relief, or both, and therefore we must look to the complaint in this case to determine its character. On the 19th day of January, 1896, the appellant entered into a written contract with the Atlas Lumber Company, and the basis of this action arises under that contract. Under said contract the Atlas Lumber Company agreed to furnish to the appellant a large quantity of cedar blocks for paving streets in the city of Indianapolis; and it is shown by the averments of the complaint that it carried out its contract, so far as it was carried out, during the year 1896, and in about two years after the completion of the contract on its part it assigned its account growing out of the contract against appellant to appellee. It would seem, from a fair construction of the instrument of assignment, that the contract itself was not assigned, for it is stated in the complaint that the Atlas Lumber Company "does hereby sell, assign, transfer and set over unto said National Bank of Commerce of Seattle, its successors and assigns, all claim and demand of said Atlas Lumber Company against the Hoosier Construction Company of Indianapolis, Indiana, for paving blocks sold and contracted to be sold by said Atlas Lumber Company to said Hoosier Construction Company, and all claim and demand of every kind and nature which said Atlas Lumber Company has against said Hoosier Construction Company, arising out of, or in any

272 . APPELLATE COURT OF INDIANA,

Hoosier Construction Co. v. National Bank, etc.—35 Ind. App. 270.

way connected with, that certain contract between said Atlas Lumber Company and said Hoosier Construction Company, relating to the sale of paving blocks, which said contract is dated January 19, 1896, and all other claim or demand of every nature which said Atlas Lumber Company has against said Hoosier Construction Company." Both the original contract and the assignment thereunder are made exhibits to the complaint. The allegations of the complaint relative to this assignment are in harmony with the terms of the assignment itself.

1. So far as the character of the action is concerned, it can make little, if any, difference whether the action is upon the contract or on the account due appellee by virtue of the assignment, for in either event it seeks to recover a balance due to the assignee, and such an action is triable on the law side of the court, and therefore triable by a jury, if a demand for one is made, unless the complaint by specific allegation injects into the action some matter or matters of which a court of equity has exclusive jurisdiction. The complaint, as we construe it, seeks to recover from the appellant a balance of $5,000 alleged to be due under the contract since October, 1896, for a large quantity of cedar blocks sold to the appellant under the contract exhibited with the complaint. This contract provided the manner in which payments should be made by the appellant. A part of the contract price was to be paid through drafts accompanying the several bills of lading. Appellant was to pay the freight at this end of the line, and was to be given credit upon its account for the several amounts of freight thus paid. The complaint shows the total amount of the contract price of the blocks furnished to appellant, and also gives in detail the amount of payments made by appellant on the contract, and for which it has credit. After stating the whole indebtedness covered by the contract, the complaint contains the following allegations: "Against which said defendant is entitled to credit for $21,065.65, being the aggregate amount

NOVEMBER TERM, 1904.          273

Hoosier Construction Co. *v.* National Bank, etc.—35 Ind. App. 270.

of all drafts honored and paid by said defendant, as provided in the contract aforesaid, and for some further sum paid by said defendant for freight upon blocks aforesaid, which sum can not be stated, because it is unknown to plaintiff or its officers, and is known to defendant and its officers, and which sum can be ascertained only by and with the aid of this honorable court. And defendant asserts other counterclaims and set-offs, the particulars of which pretenses are unknown to plaintiff; and plaintiff denies that there are any other set-offs or counterclaims, and alleges that after making all deductions, and allowing all credits, counterclaims and set-offs, proper to be made and allowed, there is owing to plaintiff from defendant a balance amounting to about $5,000, which became due October 1, 1896, when said defendant completed work upon the payments [pavements] aforesaid, which is now wholly unpaid, and payment of which has been unreasonably delayed." The prayer of the complaint is as follows: "Wherefore plaintiff prays that an accounting of the matters herein set forth be taken for judgment against defendant for $6,000, and all other proper relief."

As above stated, appellant contends that this is a suit in equity, and under section eight of the act of March 9, 1903 (Acts 1903, p. 338), if required by the assignment of error, it is the duty of the court to weigh and consider the evidence. So much of that section as is necessary to present the question now under consideration is as follows: "In all cases not now or hereafter triable by a jury, the Supreme and Appellate courts shall, if required by the assignment of errors, carefully consider and weigh the evidence and admissions heard on the trial when the same is made to appear by a bill of exceptions setting forth all the evidence given in the cause, and if on such appeal it appears from all the evidence and admissions that the judgment appealed from is not fairly supported by, or is clearly against the weight of

the evidence, it shall be the duty of such court to award judgment according to the clear weight of the evidence," etc.

The only error assigned is the overruling of appellant's motion for a new trial, and one of the reasons assigned for a new trial is that the decision of the court is not sustained by sufficient evidence.

2. Referring to the action as made by the complaint, counsel for appellant say: "The action is clearly, by every allegation and prayer, one for an accounting. Such an action is an equitable proceeding, and is not triable by a jury. In truth, every action for an accounting must, in the nature of things, be founded upon some right in the nature of an account, claim or contract in which money is due, and it is the prayer and demand for an accounting that takes it out of the law and into equity." As contrary to this view, counsel for appellee assert that the complaint simply makes a plain action at law to recover a balance due under the contract, and that it does not possess any element of equitable relief. The rule in this State is that the nature of an action must be determined from the general character and scope of the pleading, disregarding isolated and detached allegations not essential to the support of its main theory. *Monnett* v. *Turpie* (1892), 132 Ind. 482.

We should therefore address ourselves to the correct solution of this inquiry: What is the nature of this action, as gleaned from the general character and scope of the complaint? Suppose that plaintiff had sued to recover the entire amount of the indebtedness covered by the contract, without having said anything in his complaint upon the subject of credits. Could it be doubted for a moment that, if such had been the case, it would have been a plain action at law to recover a debt? In such case appellant could have had all of its rights determined by an answer in denial and a plea of payment, for under the latter plea it would have been entitled to show all the credits to which it was entitled, either by the acceptance and payments of drafts accompany-

ing bills of lading, or the payment of any other amounts covered by the contract. The only difference, it seems to us, between an action of that character, where the complaint made no mention of credits, but counted upon the entire amount due under the contract, and a case of the character made by the complaint here, is simply that the complaint before us sets out all the credits to which appellant was entitled, and which was within its own knowledge, and alleges that appellant is entitled to other credits, the aggregate amount of which it does not know, but which is solely within the knowledge of appellant. Here the pleader admits that the credits specified in the complaint and those to which appellant is entitled will reduce the demand to about $5,000, and asks the court to render judgment for the residue, after taking an account of such credits as the evidence might show appellant was entitled to.

3. Under our code practice, where there is no distinction in pleading between actions at law and suits in equity, and but one form of action for the enforcement or protection of private rights and the redress of private wrongs, the character of the action must of necessity be determined by the substance of the complaint, and not by its form. The only matter in the complaint which has even the semblance of an attempt to bring the case within the equity jurisdiction of the court is that part of the prayer which asks that "an account of the matters herein set forth be taken."

Counsel for appellant, in their brief, say: "Whether the action is founded on a contract, or on an assigned account or claim which arose thereunder, it would be triable by a jury, unless such right is taken away by some other allegation, prayer or demand in the pleading which makes the action an action in equity instead of an action at law." They therefore plant themselves upon this plain proposition: That where a plaintiff sues to recover for goods sold and delivered, confessedly triable by a jury, that such remedy at law, though "plain, adequate and complete," is taken

276    APPELLATE COURT OF INDIANA,

Hoosier Construction Co. *v.* National Bank, etc.—35 Ind. App. 270.

away, and the suit becomes one of equitable cognizance, simply on account of the fact that by the prayer of the complaint, among other things, it is asked that an account be taken of all the payments made by the defendant, and for a judgment for the balance found to be due.

4. This is not a case of complicated accounts running through a number of years, or embracing large sums of debits and credits, but it is simply an action growing out of a violation of a contract, where one party claims a large balance due and the other party claims to the contrary. If there is an adequate remedy at law, by which the rights of the parties to this action may be determined, then it is not an action of equitable cognizance.

In the case of *Fowle* v. *Lawrason* (1831), 5 Pet. 495, 8 L. Ed. 204, an attempt was made by allegations in the bill to bring the case on the equity side of the court, but the bill was dismissed on the ground that there was a plain and adequate remedy at law.

In the case of *Root* v. *Railway Co.* (1881), 105 U. S. 189, 212, 26 L. Ed. 975, it was held that wherever a court of law is competent to take cognizance of a right, and has power to proceed to judgment, and where such court affords a plain, adequate and complete remedy, without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury, and in such cases relief will be denied in equity, though the question was not raised by the defendants in their pleadings, nor suggested by the counsel in their arguments.

5. Counsel for appellant, in their brief, say: "Actions praying an accounting, as this complaint does, are clearly of equitable jurisdiction wherever the accounts are complicated and are drawn into equity by such an allegation as that contained in this complaint, and this upon no other ground than the fact that the accounts are complicated." In support of this proposition, counsel have cited the following cases: *Palmer Steel, etc., Co.* v. *Heat, Light, etc., Co.*

(1903), 160 Ind. 232; *Field* v. *Brown* (1896), 146 Ind. 293; *Terre Haute, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 438; *Towns* v. *Smith* (1888), 115 Ind. 480; *Bowen* v. *State, ex rel.* (1889), 121 Ind. 235; *McBride* v. *Stradley* (1885), 103 Ind. 465, 468; *Fenno* v. *Primrose* (1902), 116 Fed. 49; *Gunn* v. *Brinkley, etc., Mfg. Co.* (1895), 66 Fed. 382, 13 C. C. A. 529; *Pacific Railroad* v. *Atlantic, etc., R. Co.* (1884), 20 Fed. 277; *Crossley* v. *City of New Orleans* (1884), 20 Fed. 352; *Kilbourn* v. *Sunderland* (1889), 130 U. S. 505, 32 L. Ed. 1005, 9 Sup. Ct. 594.     The examination of these authorities has led us to the conclusion that they do not support the asserted proposition of appellant. The case of *Palmer Steel, etc., Co.* v. *Heat, Light, etc., Co., supra,* was clearly a suit of equitable cognizance, and so declared by the Supreme Court, upon the sole ground that the complaint asked for a reformation of a contract, and therefore it is not authority here.

The case of *Field* v. *Brown, supra,* is not in point, for there the complaint was in three paragraphs, the second and third of which involved matters cognizable only in a court of equity.    And even in that case, upon the question of complicated accounts, the court said: "We do not think, however, that the dividing line between causes or defenses of equitable and those of legal cognizance is to be ascertained by counting the items of account subject to inquiry.    If an accounting is necessary or desirable, by reason of the complicated condition of the transactions in dispute, an appeal may be made to the equitable jurisdiction of our courts, either by complaint or cross-complaint, seeking such relief.    But it has never, in this State, been deemed a cause for equitable relief that one may set forth an account of numerous items. As early as *Cummins* v. *White* [1837], 4 Blackf. 356, it was held that 'Equity has no jurisdiction over accounts, however numerous and important the charges, where there is no mutuality of dealing, and discovery is not required; but law has.'    That there should appear affirmatively some cause for

equitable relief, independently of the presentation of numerous items of account, before the equity side of the court will be opened to entertain the question is manifest."

In the case of *Cummins* v. *White, supra,* cited in the above quotation, it is said: "In matters of account which are mutual and complicated, or where a discovery is required, or a multiplicity of suits will be avoided, or the remedy at law is not full and adequate, or fraud, accident, or mistake is connected with the subject, equity has jurisdiction. On the contrary where none of these characteristics are present, the mutual dealings of parties result in causes of action, or matters of set-off, or other defense, cognizable only at law."

6. In this connection, especially in view of what was said in the case last cited, it is important to understand what is meant by the expression "mutual account." In the case of *Prenatt* v. *Runyon* (1859), 12 Ind. 174, it was held that where the items of an account are all on one side, there being none on the other side, except credits of payment, the account is not mutual, open and current. In 1 Cyc. Law and Proc., 424, it is said: "No such complication of accounts is shown as to justify equitable interference where the account consists merely of matters of charge on the one side and payments of set-off on the other, where no discovery is necessary or proper. This is upon the principle that such accounts are not mutual within the meaning of the term when applied to the independent jurisdiction of a court of equity over mutual accounts."

It would seem that these expositions of what is required to constitute mutual accounts would take this case out of that catalogue, for here there were sales of cedar blocks from the appellee's assignor to the appellant on the one side, and payments of drafts, freights, etc., operating as credits, on the other side. There is nothing in the complaint or elsewhere in the record which discloses that the appellant sold to

appellee or its assignor anything whatever, and hence there could be no mutual account.

Referring again to the cases cited and relied upon by appellant, it is important to note their character, and what they. decide. In the case of *Towns* v. *Smith, supra,* the action was to recover a personal indebtedness and to set aside as fraudulent a conveyance of real estate. The action was therefore of equitable cognizance. The case of *Bowen* v. *State, ex rel., supra,* does not throw any light upon the proposition for which appellant contends, because that case also involved the question of the fraudulent conveyance of real estate. *McBride* v. *Stradley, supra,* is not in point, for that was an action between partners for an accounting, therefore cognizable in a court of equity. The case of *Gunn* v. *Brinkley, etc., Mfg. Co., supra,* does not sustain appellant's position, for the reason that in that case there was a running account embracing more than five hundred items extending over a period of six years, and these were complicated by fraudulent entries and omissions by a deceased partner of the firm. In that case it was simply held that, the Federal Court having no power to order a reference, an action at law for the balance due would be an inadequate remedy, and that the case was within the jurisdiction of a court of equity.

Appellant relies upon the case of the *Terre Haute, etc., R. Co.* v. *State, ex rel., supra,* to support its contention that this was a suit for an accounting, and consequently cognizable in a court of equity. A careful consideration of that case fails to lead us to this conclusion. There the suit was brought for an accounting for money supposed to be due the State under a contract with the railroad company, of many years' standing. By that contract it was urged that the railroad company had agreed to pay to the State a certain per cent. of its earnings. The State thereupon proceeded by a bill both for discovery and an accounting, for it was impos-

sible to make out its case except through an investigation of the books of the company. Upon this ground the court very properly referred the matter to a master to take the evidence and report his findings, and the Supreme Court sustained that action of the trial court. What was decided in that case does not lend aid to appellant's position. We have examined all the other cases cited by appellant, and we have reached the conclusion that neither those to which we have referred nor the remaining ones support appellant's contention. We do not deem it important to review them further.

An examination of the record in this case discloses the undisputed fact that there were only five items in litigation about which there was any dispute. These matters in dispute involve questions of damages, and can only operate, if allowed, as credits against the amount which was found to be due appellee. A question of this character is exclusively within the province of a jury, if a jury should be demanded at the trial. These five items were not disputed on the ground of their several amounts. If the appellant was liable for the rejected car-load of blocks, the amount of such liability was fixed, and there was no dispute about it. And the same rule applies to the item of interest, and to every other disputed item.

Our ultimate conclusion is that there is no question of complicated accounts involved in this appeal, and no facts charged in the complaint from which it can be adjudged that this is a suit in equity, and we are firmly of the opinion that it is an action at law, and therefore must be tried and determined upon the law side of the court and by the rules pertinent thereto.

7. Having reached this conclusion, and the cause having been tried by the court, our next inquiry is to determine whether the evidence is sufficient to sustain the finding. There is ample evidence in the record to support the conclusion reached by the trial court, and, as we can not

weigh the evidence, we can not disturb the finding where there is evidence to support it.

A careful consideration of every question discussed by counsel leads us to the conclusion that the trial court reached the correct result.

Judgment affirmed.

Comstock, C. J., Robinson, P. J., Roby and Myers, JJ., concur. Black, J., dissents.