## LUPTON ET AL. v. HORN.

[No. 23,775. Filed April 29, 1923. Rehearing denied October 12, 1923.]

1. PARTNERSHIP.—*Wrongful Termination of Partnership.—Action for Damages One at Law.—Triable by Jury.*—A complaint for the recovery of damages for breach of a contract of partnership by wrongfully terminating it and reorganizing the firm without including plaintiff therein is not based on contract so as to be incidental to granting relief by way of an accounting for money and property of the plaintiff in the hands of the defendants which they are charged with not accounting for, but recovery therefor can only be by an action at law, triable by jury.  p. 503.

2. PARTNERSHIP.—*Accounting between Partners.—Interest Lost. —Special Finding.*—In an action for an accounting by the defendants, members of a bank partnership, findings that defendants deposited a part of the partnership funds in another bank controlled by them at two and three per cent. interest, whereas they might have otherwise obtained six per cent., but without any finding that the defendants made any profit out of the transaction, or any finding from which it could be inferred that defendants had money in their hands obtained from

that source for which they were liable to account, are insufficient to sustain a conclusion of law that the plaintiff was entitled to recover of the defendants the difference between the interest paid and that which could have been obtained. p. 504.

3. PARTNERSHIP.—*Accounting between Partners.—Good Will of Partnership.—Special Finding.*—In an action for an accounting by the defendants, members of a bank partnership, a finding that at the time the partnership was dissolved, as alleged in the complaint, the good will of the partnership was "of great value", without any finding of what that value was, or that any property, money or value from that source passed to the defendants, directly or indirectly, for which the defendants should account, is insufficient to sustain a conclusion of law that plaintiff was entitled to recover her proportionate part of the value of the good will. p. 505.

4. PARTNERSHIP. — *Accounting between Partners. — Value of Property of Partnership.—Finding.*—In an action between partners for an accounting, a finding in general terms, following specific findings that the actual value of the property of the partnership at the time of dissolution, after deducting its liabilities, amounted to a named sum, which exactly equaled the total of the values of several items of property specifically enumerated in the findings, cannot be understood otherwise than as a restatement of what had been set out in the specific findings, and must be disregarded when some of the items were not within the issues. p. 506.

5. PARTNERSHIP.—*Accounting between Partners.—After Dissolution.—Evidence.—Admissibility.*—Where a banking partnership was terminated by the refusal of one of the partners to comply with the law regulating private banks, in an action between the partners thereafter for an accounting, the market value of the plaintiff's interest before dissolution of the partnership was not in issue, and the admission of expert testimony as to such value, over objection, was error. p. 506.

6. PARTNERSHIP.—*Accounting between Partners.—Demand for Accounting.—When Unnecessary.*—Where the partnership has been dissolved, a demand for an accounting is unnecessary, and in an action for an accounting of the profits of the partnership, proof of a demand on the defendants for such accounting is not necessary to make out the cause of action. p. 507.

From Wells Circuit Court; *David E. Smith*, Special Judge.

Action by Lenora Horn against Ambrose G. Lupton

and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Miller & Dowling, E. C. Vaughn* and *W. H. Eichhorn,* for appellants.

*Frank B. Jaqua, Clark J. Lutz* and *John J. Kelly,* for appellee.

EWBANK, J.—This is a second appeal. The complaint in two paragraphs, as set out, in substance, in the opinion on the former appeal, remains unchanged. *Horn* v. *Lupton* (1914), 182 Ind. 355, 105 N. E. 237, 106 N. E. 708.

After the cause was remanded, the defendants filed a paragraph of affirmative answer, in addition to the denial previously filed, alleging therein that the contract of partnership set out in the complaint was terminated "by mutual consent of all the parties executing it", on June 30, 1905; that, at that time, it was ascertained that there was due plaintiff (appellee), as her interest in the partnership, the sum of $5,800, and that a certificate of deposit in the Pennville Bank for that amount was drawn in her favor under date of July 1, 1905, and was accepted by her as the equivalent of all her right, title and interest in the partnership property, as so ascertained, and that she placed it in said bank subject to her order. Also that defendants now brought such certificate into court subject to her order, for her use and benefit, and that all material allegations of the complaint not thereby admitted were denied. Appellee replied by a general denial. One of the original defendants thereafter died, and appellant Gemmil, as the administrator of his estate, was brought in by a supplemental complaint, and filed an answer of general denial to the complaint and supplemental complaint.

The cause was tried by the court without a jury, and, upon proper request, the court made a special finding

of facts, on which a conclusion of law was stated that the plaintiff (appellee) was entitled to recover from appellant Lupton and the estate of his deceased codefendant the sum of $7,852.80, with interest thereon from the time of making a demand on April 23, 1906 (suit having been commenced May 11, 1906), in the sum of $6,174.73, making a total for which she should recover judgment of $14,027.53, together with costs; and judgment was afterward rendered upon the finding for the latter amount, as of the date of the finding. Appellants duly excepted to the conclusion of law.

Each appellant also filed a motion for a new trial for each of the alleged reasons that: (a) the finding is not sustained by sufficient evidence; and (b) is contrary to law; (c) that the assessment of the amount of recovery is erroneous, being too large; (d) that the damages are excessive; and (e) that the court erred in admitting and in refusing to strike out certain evidence.

Appellants have assigned error in the conclusion of law upon the facts found, and in overruling the motion for a new trial.

The substance of each paragraph of the complaint (182 Ind. 356, 357, 358) is that plaintiff owned $5,000 of the capital of the Pennville Bank, which is alleged to have been only $15,000; that said bank was dissolved on June 30, 1905, and, at the time of its dissolution, had on hand net earnings of the value of $20,000; that defendants were the managing partners of said bank, and used part of its funds in the business of another bank in which they were interested, which latter bank loaned such funds, but never accounted to the Pennville Bank for the use thereof, and it never received anything therefor; that defendants took over all the assets and business of said Pennville Bank, and all its books and papers, and paid all of its debts, but refused to account to plaintiff for her interest in the same, or to pay over

to her the amount invested by her in the bank, together with her interest in said profits, which she alleged she had demanded. One paragraph of the complaint alleged that the assets of the Pennville Bank, including plaintiff's share of the capital and profits, were by defendants turned over to and invested in a new partnership of which plaintiff was not a member, which continued the business of the Pennville Bank at the same place where it had operated. The other paragraph alleged that the defendants converted all of such assets to their own use.

On the former appeal, it was expressly adjudged that this is an action for an accounting, and is of equitable jurisdiction (§418 Burns 1914, §409 R. S. 1881), and therefore that no error was committed in refusing a trial by jury. *Horn* v. *Lupton, supra.*

There were also some allegations in each paragraph of the complaint to the effect that the banking partnership of which plaintiff and defendants were

1. members was formed for a period of ten years from February 19, 1901, subject to the right of any partner to withdraw therefrom "at the end of any year by giving three months notice", and that the alleged dissolution on June 30, 1905, when less than five years had elapsed, was effected by the wrongful acts of defendants, complained of, and that, by the dissolution of the partnership at that time, plaintiff lost expected profits which might have been earned in the remainder of the ten-year period, and was thereby damaged; and appellee's brief suggests, by way of argument, that there was "fraud and bad faith on the part of * * * the managing partners of the bank in the execution of their scheme to force appellee out of the partnership." But aside from the facts that a right of dissolving the partnership at the end of any year had been expressly reserved, and that future profits

which are merely speculative cannot be recovered by suit, a number of averments which would be essential to make out a cause of action for damages for breach of contract are not found in the complaint. Neither would the recovery of damages for breach of the contract of partnership by wrongfully terminating such contract and reorganizing the banking firm without including plaintiff, be merely incidental to granting relief by way of an accounting for money and property of plaintiff in the hands of defendants which they may have turned over to the new banking firm or converted to their own use. If plaintiff was damaged by the wrongful termination of the partnership before the time fixed by the partnership agreement, that fact gave her only a right of action at law, in which the issue would be triable by a jury. *Hoosier Const. Co.* v. *National Bank* (1905), 35 Ind. App. 270, 73 N. E. 1006.

Such damages, if any, were not part of the trust fund of which the managing partners had possession, and for which it is alleged they failed to account.

It appears from what has been said that the issues submitted for trial were only and solely whether the defendants had received money or property constituting plaintiff's interest in the bank, or part thereof, which they failed to account for and pay over to plaintiff, or which they had converted to the use of themselves or others, and whether, if that were true, plaintiff had surrendered her right of action by accepting a certificate of deposit for $5,800 in full settlement.

2. There was no finding that any funds were deposited where they did not draw interest. The findings contained a recital that, of the funds of the Pennville Bank, the defendants put into a certain bank of which they were stockholders and directors certain general deposits for which the Pennville Bank received interest only at the rate of 2 per cent., and

certain time deposits for which it received interest only at the rate of 3 per cent., in the total amount of $4,031.27 of interest actually received and accounted for, whereas 6 per cent. of the total amount of all such deposits would have been $9,748.64, being $5,717.37 in excess of what was so paid by the other bank to the Pennville Bank for the use of such deposits, and that "said partnership bank could at all times have loaned or otherwise invested its said moneys so carried and deposited in said (other) bank, so that the same would have earned it 6 per cent. interest or profit thereon." But there was no finding that the defendants or anybody on their behalf made any profit out of the transaction, nor anything from which to conclude that defendants had money in their hands obtained from that source for which they were liable to account. Nor was there any finding that the defendants were guilty of fraud or bad faith in so depositing the money, even if there had been (as there was not) any pleading tendering that issue.

Findings were made that, at the time the partnership of which plaintiff was a member was dissolved, the good will of the partnership was "of great value", but there was no finding of what that value was, nor that any property, money, or value from that source passed to defendants or to the new partnership, for which defendants could be made to account. Omitting said amount of $5,717.37, which the court found the Pennville Bank might have received by loaning the money at 6 per cent., but which it does not find was actually received by anybody, so as to be a subject for an accounting, and a sum presumably allowed as the value of the good will, and the values itemized by the special findings fall very far short of the amount awarded to appellee by the findings.

There was also a finding in general terms that the

actual market value of all the property, assets and business of the partnership at the time of its dissolu-
4.  tion, after deducting liabilities, was $31,411.20, and of plaintiff's one-fourth interest was $7,852.20.   But where a special finding was duly asked and the court found specifically that the property consisted of certain items of named values, subject to certain stated liabilities, and part of those items were not recoverable under the issues, we do not think a finding in general terms that the value of the property was a named sum, just equal to the sum of the values of the several items, can be understood otherwise than as a restatement of what had been set out in the specific findings.

We cannot give it the effect of a finding that the value of the partnership property was $31,411.20, and of plaintiff's one-fourth part was $7,852.20, without including the items specifically set out in the finding which were not within the issues.   The findings as to the interest which the Pennville Bank might have earned by loaning the money that it deposited in the other bank, and as to the value of the good will, were not within the issues, and must be disregarded.   *Wills* v. *Mooney-Mueller Drug Co.* (1912), 50 Ind. App. 193, 200, 201, 97 N. E. 449.   Without them the special findings were clearly insufficient to support the conclusion of law.

The undisputed evidence showed that on June 30, 1905, appellee expressly refused to join her partners in executing articles of partnership such as the
5.  statute expressly required all the parties interested in a private bank to execute, acknowledge and file with the Auditor of State not later than July 1, 1905, without which it was unlawful to continue in business as a private bank, and that she never did execute or acknowledge such articles, and that the partner-

ship banking firm was thereby terminated by force of the statute. Acts 1905 p. 182; see also §3402 *et seq.* Burns 1914, Acts 1907 p. 174. A hypothetical question was put to each of several witnesses examined as experts, calling for an opinion as to the market value of plaintiff's interest in the partnership business as a going concern, and over objections by defendants, each of them was permitted to testify that such value was a substantial sum. This was error. The action being for an accounting, the market value of her interest as a going concern before the dissolution of the partnership was not in issue.

Disregarding, as we must, the evidence as to the amount of income which the bank might have earned by loaning at 6 per cent. the sums of money deposited in the other bank at 2 per cent. and 3 per cent. respectively, none of which possible income is shown to have been received by the defendants or anybody else, and the evidence as to the value which the good will of the Pennville Bank would have had if the partnership had not been dissolved, and the expert evidence as to the value of plaintiff's interest in the banking partnership as a going concern, and it is obvious that the remaining evidence fails to prove that appellee was entitled to recover as large an amount as was awarded to her by the finding. Therefore the amount of the recovery was erroneous, being too large.

Appellant complains of the alleged insufficiency of the evidence tending to prove that a demand for an accounting was made by the plaintiff upon one of the defendants before this action was commenced, and insists that certain evidence admitted for that purpose was incompetent. But, under the issues joined, proof of such a demand was not necessary to make out the alleged cause of action. *Anderson*

v. *Ackerman* (1883), 88 Ind. 481, 485; *Hanna* v. *Mc-Laughlin* (1902), 158 Ind. 292, 294, 63 N. E. 475.

Other questions discussed by counsel may not arise upon another trial of the cause.

The judgment is reversed, with directions to grant a new trial.

### ON PETITION FOR REHEARING.

EWBANK, J.—The articles of partnership contained the stipulation that "any of said partners may withdraw from said copartnership at the end of any year by giving three months' notice of withdrawal." The statute required, under penalty of fine and imprisonment, for failure to do so, that on or before July 1, 1905, every partnership doing a banking business should file with the Auditor of State a detailed statement, which should include "a copy of the articles of copartnership * * * executed and acknowledged by all the parties interested therein." Acts 1905 p. 182. The complaint specifically averred that on June 30, 1905, the defendants terminated and dissolved the partnership, and suit was first commenced on May 11, 1906. No facts were stated in the complaint to the effect that defendants had fraudulently mismanaged the business of the bank, and wrongfully kept it from earning profits, but it was directly alleged that large profits had been earned, for which an accounting was demanded. There was no averment that plaintiff ever acknowledged, or offered to join in acknowledging, the articles of partnership, nor was there any evidence or finding that she made any such offer.

Appellee's authorities are: (1) those which relate to damages in an action based upon wrongful acts of a partner in breach of a partnership contract by which a dissolution was brought about long before he had a lawful right to terminate the partnership; (2) suits

asking that an existing partnership be dissolved, and a receiver appointed to wind up its business for misconduct of the defendant in breach of the partnership agreement; or (3) asking such dissolution and an accounting for property fraudulently taken out of the partnership assets; and (4) suits to set aside final settlements of partnership affairs because of alleged fraud of the defendant in procuring the plaintiff to make such a settlement on retiring from the partnership. None of these control in such a case as was presented by the pleadings in the case at bar.

The petition for rehearing is overruled.

Townsend, J., absent.